## IVES *vs.* FINCH.

The provision of the statute, which requires a bond with surety, to be given by the party appealing from the judgment of a justice of the peace, [Stat. 1849, p. 67,] was made solely for the benefit of the obligee, who may waive a strict compliance therewith.

On the 17th of August, 1850, judgment was rendered, by a justice of the

Ives *v*. Finch.

peace, in favor of the plaintiff, in an action of assumpsit, demanding thirty dollars, damages.  The defendant appealed, and, as principal, entered into a recognizance, in the sum of fifty dollars, to prosecute his appeal to effect.  On the 25th of September, of the same year, B appeared before the justice, and entered into a like recognizance, as surety for the defendant.  The cause was duly entered in the docket of the court to which the appeal was taken, without objection by the plaintiff.  The attorneys of the defendant entered their appearance, as such, and the cause was continued, from term to term, until December, 1851, when it was assigned for trial, before the jury.  On the day previous to the trial, the plaintiff's counsel moved to strike the cause from the docket, on the ground that it appeared, from the copy of the record, that no bond, with surety, had been given, upon the appeal.  It was held, in such case, that the plaintiff had waived a strict compliance with the statute.  Held, also, that the proper mode of taking advantage of the error in the appeal, was by a plea in abatement.

THIS was a motion in error, brought to the superior court, holden at New Haven, at the January term, 1852, to reverse an order of the county court, made in a cause, wherein Finch was plaintiff, and Ives the defendant.

The action was assumpsit, demanding thirty dollars damages, and was originally brought before a justice court, holden on the 17th day of August, 1850, when judgment was rendered in favor of Finch, the plaintiff.  From that judgment, the defendant, Ives, took an appeal to the county court, and as principal, entered into a recognizance to the adverse party, in the sum of forty dollars, to prosecute his appeal to effect.  Afterward, on the 25th day of September, 1850, Lucius Birdsey, on the request of the plaintiff's counsel, appeared before the justice, and entered into a like recognizance, as surety for the defendant.

The cause was duly entered upon the docket of the county court, for the county of New Haven, at the November term, 1850, to which the appeal was taken, and the attorneys entered their appearance, as such attorneys, upon the docket, and the cause was continued from term to term, in that court, until the December term, 1851, when it was assigned for trial, before the jury.

Ives *v.* Finch.

On the day previous to the one assigned for the trial, the plaintiff's counsel moved the court to strike the cause from the docket, on the ground, that it appeared from the copy of the record, that no bond, with surety, had been given, upon the appeal; and the court ordered the cause to be erased from the docket.

The defendant, therefore, filed a bill of exceptions, and, by motion in error, brought his case before the superior court, where it was reserved for the advice of this court.

*Doolittle* and *Harrison*, in support of the motion, contended, *First*, That a bond, without surety, neither constitutes an appeal, nor vacates a judgment. Stat., 1849, p. 67. Before the 25th of September, 1850, an action of debt upon this judgment could have been sustained, or the plaintiff could have taken out execution, and, if refused by the justice, could have moved for a *mandamus*. And when the court adjourned without day, its jurisdiction over this case was at an end. The rights of the plaintiff had become vested, under this judgment. It is the privilege of the defendant, to appeal, with bond and surety, and, if he would avail himself of that privilege, he must do it, before adjournment without day. *Dyer* v. *Smith*, 12 Conn. R., 385, 390, 392. *Burgess* v. *Tweedy*, 16 Conn. R., 39, 46. *Wilkie* v. *Hall*, 15 Conn. R., 32, 38.

*Secondly*, The defect, being the want of a bond, required on an appeal, can not be waived, as it is an essential prerequisite to the jurisdiction of the court below. We can not waive a duty of the court : we may waive a mere privilege, such as want of notice, but not an essential pre-requisite to the jurisdiction of the court, whose powers are limited, and derived from the statute. *Perkins* v. *Perkins*, 7 Conn. R., 565. *Denison* v. *Denison*, 16 Conn. R., 38. 4 Cowen, 80, 540. 7 Cowen, 468. 9 Cowen, 227. 6 Cowen, 585. 2 Root, 60, 377. 10 Conn. R., 60. 7 Conn. R., 567. *Clark* v. *Conn.*, 1 Munford, 160. It is the duty of the court, without regard to the parties, to dis-

miss the cause, whenever they discover, upon inspection of the record, that they have no jurisdiction. 1 Sw. Dig., 606. *Crandall* v. *State*, 10 Conn. R., 340, 371.

*Thirdly*, This proceeding can not be made the subject of a motion in error, and is to be distinguished from the case of *Main* v. *School District of Preston*, 18 Conn. R., 221 ; for, the reason in that case, that, otherwise, the party would be remediless, is not true in this case. If the county court refuse to hear the cause, and to render any judgment, the prop-remedy is, by an application to the superior court, for a *mandamus*, or *procedendo*. *Hoyt* v. *Brooks*, 10 Conn. R., 192. This cause is improperly before the supreme court, and should be erased from its docket. 8 Conn. R., 165. The defendant's remedy, if aggrieved, is by *mandamus*. 1 Sw. Dig., 563, 564.

*C. Ives*, contra, contended, 1. The statute requiring a bond with surety, on an appeal, has been substantially complied with. The plaintiff does not claim, that he has suffered by the delay, and practically, it could make no difference with him, whether surety was given on the day of the appeal, or after the adjournment.

2. The statute does not designate the precise day, when bond with surety shall be taken. The word, "when," in the statute, does not mean, immediately. The precise time is left to the discretion of the justice ; and if bond, with surety, is taken, on a day subsequent to the adjournment, the justice should enter it, as of the day the appeal was allowed. Stat. 1849, pp. 49, 67.

3. The parties in the suit can not claim a voice in it, as a matter of right. Therefore, a bond, taken in the absence of either, or both of them, after adjournment, is good, if, in the opinion of the magistrate, the surety is sufficient. In appeals from the county court, the provision of the statute, requiring a bond from the appellant, is, in practice, disregarded,—the bond of the surety only, being taken.

Ives *v.* Finch.

4. If the defendant made a fatal omission, as alleged, the plaintiff, by appealing and answering to the case, in the county court, by allowing it to be assigned for trial, and by filing his oyer, at the third term after the appeal, without taking any exception to the record, waived the objection he now makes. If it could have availed him, at any time, it could only do so, at the term of the county court, to which the appeal was brought. The cases cited in the court below, in which our own court has held, that parties can not waive a statute regulation, so as to "make good what the statute makes void," are cases where *the public* is interested equally with the parties; and are not analogous to this, where the parties only are interested. 5 Conn. R., 402. 7 Conn. R., 565.

5. The want of a proper bond, with surety, on appeal, is matter of abatement only, and the plaintiff can not be entitled to more favor, because he has substituted a motion for a plea. Pleas in abatement must be filed, on or before the second opening of the first term of the court, and a motion in abatement may be considered as an oral plea, and should be so treated. Motions to quash have never been favored by the courts. *Clapp* v. *Gibson,* 2 Pike, 109.

WAITE, J. The principle, involved in the present case is, whether the omission of the defendant, to procure a surety upon his bond, rendered the appeal *void,* or only *voidable,* at the election of the plaintiff. And we are of opinion, that the latter effect only was produced. Had the demand been less than seven dollars, or the appeal taken to the superior court, the appeal would have been void. In either case, the court would not have had jurisdiction, and would have been perfectly justified, in ordering the cause stricken from the docket.

But the cause was appealable, and the appeal was taken to the right court, and, had the proceedings been regular, that court was bound to take cognizance of it. The only

objection, urged against those proceedings, is, that the defendant neglected to procure a surety, to unite with him, in the bond given on the appeal.

The provision of the statute, requiring a bond, with surety, was made solely for the benefit of the obligee; and it was competent for him, if he pleased, to waive a strict compliance with the statute.

Suppose the plaintiff had been entirely satisfied, that the defendant's bond was abundantly sufficient, and had expressly waived the requirement of any farther security; could he, afterward, treat the appeal as a nullity, and procure the cause to be erased from the docket? It is a frequent practice, for parties in suits, to waive a strict compliance with those requirements of the law made solely for their benefit.

Under a former statute, declaring that a contract, made upon an usurious consideration, should be *utterly void*, it was holden, that the statute was made, for the benefit of the party liable upon the contract; and that he might, at his option, avoid the security, or waive the benefit of the law. *Wales* v. *Webb*, 5 Conn. R., 154.

But, where an appeal is taken, in a cause not appealable, or to a court not having jurisdiction, it is not in the power of the parties, to confer jurisdiction, by waiving all objections; and the court, under such circumstances, will dismiss the cause from the docket, as soon as the want of jurisdiction is discovered.

The law prescribes the mode, in which service of civil process shall be made, and where the requirements of the law have not been complied with, the party, on whom the defective service was made, may avail himself of the omission. But then, he must do it in proper time, and in a proper manner; and if he omit to do so, and appear in the cause, and suffer it to proceed, without objection, on his part, he will be considered, as having waived his objection.

In the present case, the proper mode of taking advantage of the error in the appeal, was by a plea in abatement, which should have been filed, within the time allowed for filing such pleas. But, instead of doing this, the plaintiff, without any objection on his part, suffered the appeal to be taken, the bond to be given, the cause to be entered on the docket of the county court, his attorney's appearance to be entered, and the cause to be continued for several terms, in that court, and then, upon the eve of a trial, moved to have the cause erased from the docket.

In our opinion, the objection to the proceedings on the appeal, came entirely too late, and the county court erred, in ordering the cause to be stricken from the docket; and we so advise the superior court.

In this opinion, the other judges concurred.

Judgment reversed.