John W. Douglass *vs.* William H. Unmack et al.

Third Judicial District, New Haven, June Term, 1904.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

Legal-process can seldom be treated as void by those procuring or making use of it, when those injuriously affected thereby demand reparation. A defense of such a nature can be supported only when the defect relied upon is glaring and fundamental, such as the lack of jurisdiction.

General Statutes, § 1057, provides that no writ of replevin shall issue until a sufficient recognizance, with surety, has been taken by "the authority signing the writ." *Held* that this provision was designed for the sole benefit of the defendant; and therefore an unsuccessful plaintiff, who had secured a writ and seized goods which belonged to the defendant, was equitably estopped, in an action upon the recognizance, from alleging or taking advantage of the fact that it had been entered into before a magistrate other than the one who signed the writ.

In the present case the person who became surety in the recognizance, afterwards signed the writ as magistrate. *Held* that he, also, was equitably estopped when sued jointly with the principal.

Argued June 14th—decided August 12th, 1904.

ACTION upon a replevin bond, brought to the Superior Court in New Haven County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *Error and new trial ordered.*

*Charles S. Hamilton*, for the appellant (plaintiff).

*William H. Ely* and *Edmund Zacher*, for the appellees (defendants).

BALDWIN, J.  General Statutes, § 1057, provides that no writ of replevin shall be issued " until some person, known to the authority signing the writ to be of sufficient responsibility, has entered into a recognizance before him, with at least one sufficient surety, in a sum at least double said sworn value of said property, conditioned that the plaintiff shall prosecute his suit to effect, and for the payment of any judgment that may be recovered by the defendant in the suit, and for the return of the property to him, and payment to him of all damages sustained by the replevy thereof, if the plaintiff fail to establish his right to its possession, a record of which recognizance shall be entered at the foot of the writ, before the same is issued ; and copies of the process left in service shall contain said affidavit and said recognizance."  A writ of replevin in favor of the defendant Unmack, as a receiver in bankruptcy, was signed by James E. O'Connor, the other defendant, as a magistrate, at the

foot of which was a record of a recognizance which had been entered into before another magistrate, by Unmack as principal and the other defendant as surety. The recognizance was in the statutory form (General Statutes, § 1058), except that it was not taken before or signed by the same magistrate who signed the writ.

Under claim of authority by virtue of this process, the plaintiff's goods were taken from him by a proper officer.

The case was subsequently tried in the Court of Common Pleas before which the writ was returnable, and judgment rendered for the return of the goods and that the then defendant (and present plaintiff) recover of Unmack, as receiver, $655 damages, with costs. For his failure to comply with the terms of this judgment, the present suit is brought against Unmack and O'Connor, upon their recognizance.

The defense is that the recognizance was void and therefore cannot serve as the foundation of an action.

The proceedings are few which can be treated as absolutely void by those procuring or conducting them, when they have affected others injuriously who make demand for reparation. A defense of such a nature can only be supported when the defect relied on is of the most glaring character, as in the case of causes brought before courts which have no jurisdiction to consider them. *Rosen* v. *Fischel*, 44 Conn. 371, 375.

The affidavit and recognizance required by statute as conditions precedent to the issue of a writ of replevin are required for the sole benefit of the defendant. He can take advantage of any defect in them; but the plaintiff has not an equal right. *Nichols* v. *Standish*, 48 Conn. 321.

In the replevin process now in question there were two serious irregularities. One was that the surety in the recognizance was the magistrate who afterwards signed the writ. This was not apparent on the face of the papers, for there might have been two men of the name of James E. O'Connor. The other irregularity was that the recognizance was entered into before a magistrate who did not afterwards sign the writ. Neither of these things destroyed the jurisdiction of the court over the replevin suit.

*Orcutt's Appeal*, 61 Conn. 378, 384. That depended on the writ, and the writ supported it. True, the statute forbade the issue of the writ until a proper recognizance had been entered into ; but in fact it was issued, and used to wrest from the present plaintiff goods which belonged to him. The want of a proper bond could have been pleaded in abatement. It was a matter which the defendant could have set up to defeat the suit, but it would not have justified erasing the cause from the docket on the motion of the plaintiff in replevin.

- Nor does it now justify either him or his surety in asking that the obligation into which they voluntarily entered, and by means of which they gained possession of the goods of another, be treated as a mere nothing out of which nothing can come. *Walko* v. *Walko*, 64 Conn. 74, 78. The question is not to be decided by the rules applicable to recognizances exacted of a defendant in a cause, as a condition of his release from custody. *Ferry* v. *Burchard*, 21 Conn. 597 ; *Whittier* v. *Way*, 6 Allen, 288, 291. The recognizance in suit was voluntarily given to procure an advantage to the principal obligor. It was an incident of an action which was fully within the jurisdiction of the court before which it was brought. Such recognizances can be entered into before a justice of the peace. This recognizance was entered into before such an officer. To take such a recognizance is a ministerial, not a judicial, act. *Gregory* v. *Sherman*, 44 Conn. 466. It must be taken before the writ of replevin issues. If the magistrate who took it had proceeded to sign the writ, the proceeding would have been regular. The irregularity consisted in procuring the signature of the writ by another magistrate. For this both the defendants are directly responsible ; for one of them signed it, and the other brought the suit.

If a *de facto* justice of the peace signs a writ and takes a recognizance upon it, the obligation is valid. It is valid simply because it is assumed before one who is openly exercising an authority which only belongs to a public officer, and whose title, so long as it is not challenged by a direct

proceeding in behalf of the public, cannot be collaterally attacked in any private suit. For still stronger reasons, it is not open to these defendants to escape from an obligation into which they freely entered before a *de jure* magistrate, because, owing to their own acts, he did not afterwards sign the writ of which it was an incident. As to them, under these circumstances, the statutory provision that the recognizance must be taken before the authority signing the writ may properly be regarded as directory.

The complaint alleged that the recognizance was taken before George E. Hall, a justice of the peace, but did not explicitly state that another magistrate signed the writ. On the trial, the record of the replevin suit being offered in evidence in support of the allegations, the court admitted it for certain purposes, but ruled that it did not tend to show that the defendants had entered into any recognizance.

In this, and in the virtual direction to the jury to return a verdict for the defendants, there was error. Whatever objections the defendant in the original action might have taken to the validity of the obligation, the present defendants stand on very different ground. The defects in it were such as they were equitably estopped from setting up; and whatever benefit the plaintiff could claim from the rules of equity, he could ask for under his complaint. General Statutes, § 532; *Plumb* v. *Curtis*, 66 Conn. 154, 173; *Canfield* v. *Gregory*, ibid. 9, 17.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.