WILBUR BUTTERFIELD *vs.* BENJAMIN J. BRADY.

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 28th—decided March 3d, 1930.

*Lewis J. Somers,* for the appellant (plaintiff).

*Harry R. Cooper,* with whom was *Raymond H. Dragat,* for the appellee (defendant).

WHEELER, J.   The defendant pleads in abatement to the writ of replevin because the recognizance entered into upon the issuance of the writ was (1) before a commissioner of the Superior Court for New Haven County who was not the authority who signed the writ, and (2) was not signed by the obligors in the presence of at least one witness other than the authority taking the recognizance, nor in the presence of the commissioner of the Superior Court taking the recognizance.

Section 6094 of the General Statutes provides: "No writ of replevin shall be issued . . . until some person, known to the authority signing the writ, . . . has entered into a recognizance before him, with at least

one sufficient surety, . . . and said recognizance shall be signed by the obligors in the presence of at least one witness other than the authority taking the recognizance." This statute required the recognizance to be entered into before the authority who signed the writ and also required that it be signed by the obligors in the presence of this authority. The court has found that neither of these requirements of the statute was observed. These were serious irregularities, but neither destroyed the jurisdiction of the court. The requirement of the recognizance was for the sole benefit of the defendant. Irregularities such as these, when properly pleaded by him, would have abated the action unless he had waived his right to interpose this plea. *Douglass* v. *Unmack,* 77 Conn. 181, 183, 184, 58 Atl. 710. The plea in abatement was rightly sustained unless, as the plaintiff claims, the defendant had waived his right to the plea by his course of conduct. After the issuance on March 1st, 1928, and service of the writ, the defendant made written application to a justice of the peace for New Haven County residing in Meriden for an order that a new recognizance be entered into; he set forth as his reasons that the obligors upon the bond were not of sufficient responsibility, and further, that the recognizance was void because it was not entered into before the commissioner of the Superior Court who signed the writ, but before a commissioner who was not the authority who signed the writ.

Section 6097 of the General Statutes provides two methods by which the defendant in a replevin action may obtain a new bond in case he is not satisfied with the recognizance taken by the authority issuing the writ. One method provides a remedy after the service and prior to the return day of the writ by citing the plaintiff to appear before a judge of the Superior Court, Court of Common Pleas, or a county commis-

sioner or justice of the peace residing in the county where the replevin was effected, to respond to a motion for a new bond to be ordered at the discretion of such authority. Another is by the order of the court in which the action of replevin is pending for a new replevin bond whenever it appears to the court that the replevin bond attached to the writ is insufficient.

The defendant availed himself of the first of these methods. His application, while expressing his knowledge of the irregularity of the recognizance taken by the authority issuing the writ, questioned its sufficiency and sought the protection afforded by a new bond. Between the choice of remedies, the plea in abatement after the case was returned to court, which must have ended the action for the time, or the order by the statutory authority prior to the return day of a new bond, he chose the latter. His election of the remedy provided prior to the return day was an expression of his willingness to put up with the irregularity in the recognizance and of his acceptance of the remedy by which he could secure a sufficient bond. The choice once made there was no turning back; he must abide by it. *Ives* v. *Fitch,* 22 Conn. 101, 106; *Sauskelonis* v. *New Britain,* 89 Conn. 298, 303, 94 Atl. 368; *Douglass* v. *Unmack,* 77 Conn. 181, 184, 58 Atl. 710. That the authority to which he applied thereafter failed in the performance of his statutory duty has no bearing upon the fact that the defendant made his election at the time he made choice between these remedies. The right to abate this action or to waive the irregularities was the exclusive privilege of the defendant. The defendant having taken his position with knowledge of the facts, together with a belief that the irregularities in the recognizance voided the writ instead of merely making it voidable, cannot afterward be permitted to take a position inconsistent with the choice he has

made. Neither can it be claimed that the jurisdiction of the justice to determine the application pending before him ceased upon the return day of the writ. The statute does not so provide and the ordinary course of judicial procedure would not so require. There could be no conflict of authority, since the right of the court before which the action was pending, to at any time require a new bond, was given by the statute; its determination at any time might supersede the action of the authority upon any application for a new bond made prior to the return day.

In view of our conclusion that the defendant has waived his right to maintain his plea in abatement, there is no occasion to consider the other grounds of appeal.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.