PLASTIC MERCHANDISERS, INC. *vs.* ROYAL MOULDING COMPANY.

MARCH 17, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Moss, J. This is an action of assumpsit brought in the District Court of the sixth judicial district to recover the sum of $196. As a result of a trial in that court, a decision was entered for the plaintiff for six dollars and costs. In due time thereafter the plaintiff filed a claim of appeal in writing and at the same time paid to the clerk of that court as costs the sum of five dollars, that being the amount of the fee of the defendant's attorneys as fixed by the statutory provision for appeals from decisions of District Courts, and the clerk having taxed no other costs of the defendant, according to the notations on the original writ in the case.

Five days later the clerk certified the case as appealed, and the papers therein were duly transmitted, on the next day, to the Superior Court for trial on all questions of law and fact. On the next day after that, the costs of five dollars were paid by the clerk of the District Court to the defendant's attorneys, who gave a receipt for them as "Civil costs received $5.00."

Twenty-three days after the papers in the case were received in the Superior Court, the plaintiff, in accordance with the statute regulating civil practice in that court, filed a claim in writing for a trial by jury; and eight days thereafter he filed a motion to assign the case for trial. Notice of this motion was duly served upon the defendant's attorney. No objection to the assignment was filed in behalf of the defendant, and therefore the case was assigned for trial on the day stated in the motion. But after the assignment and before the date for trial the defendant filed a motion that the case "be remitted to the sixth district court because of lack of jurisdiction." After a hearing,

this motion was granted in a decision by the Superior Court, on the ground stated in the motion; and the case is now before us on the plaintiff's bill of exceptions based only on his exception to this decision.

The decision was grounded solely on the facts above stated, which appear of record and are admitted by both parties to be correct; and no other fact in support of it was shown. The defendant contends that the Superior Court never had jurisdiction over the case, because of noncompliance by the plaintiff with the requirements of that section of the General Laws which, at the time of his attempted appeal, regulated appeals from District Courts, and which is still in force, unchanged.

The section in question is General Laws, 1923, Chapter 336, Sec. 7, as amended by Public Laws, 1929, Chapter 1326, and the relevant parts of it are as follows: "In all civil cases in a district court, every person aggrieved by the decision of such district court therein may cause such case to be removed for trial, on all questions of law and fact, in the Superior Court for the county in which said District Court is established by claiming an appeal, in writing, filed with the clerk of said district court within two days exclusive of Sundays and legal holidays after the decision is made; . . . provided that the party claiming such appeal at the time of claiming the same shall pay to the clerk all costs including an attorney's fee of five dollars to be paid by the clerk to the attorney of the adverse party and provided further that costs shall not be taxed, exclusive of such attorney's fee, at a less sum than the sum of five dollars."

The first question to be considered is the proper interpretation of the two provisos just quoted. The contention for the defendant is that, read together, they require that any party, even a plaintiff for whom a decision has been entered for some amount and costs, cannot take a valid appeal without paying to the clerk a minimum sum of ten

dollars and any additional sum which the clerk has included in his taxation of costs.

The contrary contention for the plaintiff, if we understand it correctly, is that the minimum that must be paid with a claim of appeal is only five dollars, as a fee for the adverse party's attorney, and any other costs which the clerk has taxed; that the clerk, if he taxes any costs, in addition to the attorney's fee, must not tax them at a smaller sum than five dollars; but that the clerk should not tax any additional costs at all, if costs were not awarded to such adverse party by the decision of the court.

The first impression made by these provisos seems favorable to the former contention, but a careful consideration of their precise language gives much support to the latter contention. If the first proviso stood alone, it seems clear to us that although a party claiming an appeal would have to pay an attorney's fee of five dollars for the attorney of the adverse party, he would not have to pay any other costs, unless such costs were awarded to the adverse party by the decision of the court.

As to the second proviso, if the intention of the General Assembly in enacting it was to require the clerk, in *every* case where an appeal is claimed, even if the decision appealed from was for the appealing party for some sum and costs, to tax costs in favor of the adverse party at a minimum of five dollars, in addition to the attorney's fee, the clear and natural way of expressing that intent would have been to make that proviso read thus: "provided, further, that costs shall be taxed, exclusive of such attorney's fee, at a sum not less than five dollars."

Worded as it actually is, it may reasonably be interpreted as meaning what it would mean if it read as follows: "provided, further, that if costs are taxable to the adverse party, under the decision in the case, they shall not be taxed, exclusive of such attorney's fee, at a less sum than the sum of five dollars." If so worded, an interpretation

in accordance with the plaintiff's contention would clearly be required.

If the record before us clearly showed that the established practice in the District Courts, since Public Laws 1929, Chap. 1326 went into effect, has been in accordance with one of these two interpretations and contrary to the other, it might influence our decision between them. But there is nothing in the record before us to show any established practice either way.

In the absence of such a showing we base our interpretation of the proviso in question upon its language and that of the proviso which immediately precedes it, considering both in the light of the other statutory provisions relating to the taxation of costs in District Courts, which do not authorize the clerk of such a court to tax any costs for a losing party, unless the court, for cause shown, awards costs to such party. In view of those provisions, we are of the opinion that the proviso in question should not be interpreted, in the absence of language in the proviso strongly supporting such interpretation, as requiring the clerk, in case of an appeal by a prevailing party, to tax costs against him.

We find no such language as to any such costs, beyond an attorney's fee of five dollars for the attorney of the adverse party, though the proviso clearly and expressly requires the payment of such a fee by the appealing party. Therefore, we interpret the proviso as not requiring, in the instant case, that the clerk should tax, or that the plaintiff, with his claim of appeal, should pay, more than the sum of five dollars, the attorney's fee for the defendant's attorneys. For this reason the decision of the Superior Court that the case be remitted to the District Court for lack of jurisdiction in the Superior Court was, in our opinion, erroneous.

For another reason also it was erroneous. Even if the proviso in question be interpreted as requiring the clerk, in *every* case of an appeal, even by the prevailing party, from

a decision of a District Court, to tax costs in favor of the adverse party in the sum of at least five dollars, besides an attorney's fee of five dollars, it should not, in our judgment, be construed as preventing the Superior Court from acquiring jurisdiction of the case, if the appealing party has paid the total costs *as taxed by the clerk,* and has otherwise complied with the statutory requirements for taking an appeal to the Superior Court, even though the clerk has made a mistake by taxing the total costs, to be paid by the appealing party, at a smaller sum than that at which the proviso required him to tax them.

In our judgment, also, if the defendant would otherwise have had any right to object to the Superior Court proceeding to a trial of this case on its merits, because the plaintiff, though he paid, in the District Court, the sum actually taxed by the clerk, did not pay as large a sum as *should* have been taxed by the clerk, as the total costs to be paid by the plaintiff in filing a claim of appeal, the defendant lost that right by his conduct afterwards. This conduct was that, within a few days after the plaintiff had paid to the clerk of the District Court the sum of five dollars, as the total costs to be paid by him on his appeal, and the clerk had certified the papers and transmitted them to the Superior Court, the defendant's attorneys, as above stated, accepted that sum, and gave a receipt therefor, as the costs of the case; and that in the Superior Court they allowed the plaintiff, on his motion, of which they were given notice, and without objection by them, to have the case assigned for trial. See *Clarke* v. *Mayor,* 5 R. I. 333.

That was an appeal from proceedings by the board of aldermen of the City of Newport, in laying out a certain highway, to the court of common pleas. When the appeal came on for trial before that court, the appellee moved that the appeal be dismissed, on the ground that the appeal bond did not comply with the requirements of the statute regulating appeals in such cases. This motion was denied and this ruling was sustained by the Supreme Court,

which in its opinion, at page 335, said: "We are of opinion that the motion to dismiss was properly overruled, upon one general ground applicable to all the alleged defects in the bond. The motion to dismiss was too late. . . . . If there was a valid objection to the bond, it constituted an objection in the inception of the appeal; and the objection is waived by allowing the case to be continued and the other party to go on in the cause, accumulating costs and expenses, without a motion to dismiss."

In the opinion in that case the court cited and relied upon *Ives* v. *Finch,* 22 Conn. 101. There the defendant in a case tried before a justice of the peace appealed from a judgment against him, but did not file a bond with surety, as was required by the statute regulating the procedure in such an appeal. Without objection by the plaintiff the case was entered on the docket of the court to which the appeal was taken. There it was continued from term to term and then assigned for trial before a jury. On the day before the trial date the plaintiff moved to strike the case from the calendar because no bond with surety had been given upon the appeal. The motion was granted and the defendant filed an exception to the decision. The exception was sustained by the Supreme Court on the ground that the plaintiff had waived a strict compliance with the statutory provision requiring a bond with surety to be given by any party appealing from a judgment of a justice of the peace.

In the cases relied on by the defendant in the instant case, we find nothing that is inconsistent with the reasoning and decisions in the two cases above cited; and we see no cause for not applying such reasoning to this case.

The plaintiff's exception is sustained and the case is remitted to the Superior Court for further proceedings.

*Charles Z. Alexander,* for plaintiff.

*Cunningham, Semonoff & Kelly, Judah C. Semonoff,* for defendant.