GEORGE AINSWORTH *vs.* SAYBROOKE MANUFACTURING COMPANY, INC.

APRIL 2, 1938.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

FLYNN, C. J. This is an action in assumpsit, to which was added a count in covenant, to recover for wages allegedly due from the defendant to the plaintiff. The defendant's pleas amounted to the general issue and a special plea in set-off for rent due from the plaintiff to the defendant.

After a trial in the fourth district court, decision was rendered for the defendant on its plea in set-off in the amount of $64; whereupon the plaintiff claimed in writing an appeal to the superior court. The trial justice in the superior court granted the defendant's motion to dismiss the plaintiff's appeal because of his failure to pay the costs required by chapter 1326, public laws 1929. The case is before us on the plaintiff's single exception to this ruling of the trial justice.

It is not disputed that the Legal Aid Society sent a letter to the clerk of the fourth district court prior to the entry-day of the original writ, notifying him that the society's attorneys were representing the plaintiff and claiming that he was entitled, by virtue of chap. 2393, public laws 1936, to an exemption from payment of certain fees and charges which were required in the ordinary case. It is also admitted that no fees authorized by law nor costs of any kind were paid to the clerk of the district court by the plaintiff on his claim of appeal to the superior court. The clerk merely certified the papers in the case to the superior court on the plaintiff's claim of appeal, and marked on the back of the writ "Costs —Exempted—Legal Aid Society not required to pay costs— per Chap. 2393, P. L. 1936—Jan. Session."

The sole issue, therefore, is whether the plaintiff, as the client of the Legal Aid Society, is exempted by chap. 2393 from the payment of costs that are required by chap. 1326 to be paid by an appellant, in order to claim an appeal to the superior court from a decision of the district court.

The pertinent portions of these two chapters read as follows: P. L. 1936, chap. 2393, "Sec. 22. The legal aid society of Rhode Island shall not be required to pay any fees to the superior court or district courts or the clerks thereof or any fees or charges for the service or travel of sheriffs or deputy sheriffs for serving any writ, citation, subpoena or other process or for taking bail, bond or inventory or for making copies of writs for or in behalf of said society or its clients; *provided, however,* fees and charges authorized by law shall nevertheless be taxable as costs."

Public Laws 1929, chap. 1326, "Sec. 7. In all civil cases in a district court, every person aggrieved by the decision of such district court therein may cause such case to be removed for trial, on all questions of law and fact, in the superior court for the county in which said district court is established by claiming an appeal, in writing, filed with the clerk of said district court within two days exclusive of Sundays and legal holidays after the decision is made; . . . and provided that the party claiming such appeal at the time of claiming the same shall pay to the clerk all costs including an attorney's fee of five dollars to be paid by the clerk to the attorney of the adverse party and provided further that costs shall not be taxed, exclusive of such attorney's fee, at a less sum than the sum of five dollars. . . . ."

The plaintiff contends substantially that the purpose of chap. 2393 is to exempt the Legal Aid Society and its clients from payment of any fees, charges or costs of any kind until the termination of all litigation in the case, including proceedings by appeal or bill of exceptions to this court. In support of his general contention and construction he cites the cases of *State* v. *Hudson,* 55 R. I. 141, and *Plastic Merchandisers, Inc.* v. *Royal Moulding Co.,* 57 R. I. 510, 190 A. 788.

We do not agree with this contention or construction. The two statutes in question relate to different subject matters and are designed for different purposes. The earlier one (chap. 1326) concerns an *appeal* by an aggrieved party *after*

a trial in the district court. It prescribes the conditions precedent to the proper entry in the superior court of such an appeal from the decision of the district court, namely, the payment of certain costs taxable *after* a trial in the district court. On the other hand, chap. 2393 relates to a specific exemption from the payment of fees and charges which are payable in the ordinary case *before* trial can be had in the district court. It is prospective and, in our view, its purpose is to secure to the poor litigant, who is represented by the Legal Aid Society, his day in court, that is, a trial of his case in a court of competent jurisdiction without having to pay in advance the ordinary fees and charges in connection with having such a trial.

It is significant that chap. 2393 does not purport either expressly or by necessary implication to amend chap. 1326. On the contrary, the exemption granted in the first part of sec. 22 from payment of fees and charges is limited by the specific language at the end of the same sentence in that section, *"provided, however,* fees and charges authorized by law shall nevertheless be taxable as costs." By such limitation the legislature evidently intended to distinguish between the initial *fees and charges* payable to obtain a trial in the district or superior court in the first instance, and *the costs* that are legally taxable *after* such a trial in a district court, which must be paid in accordance with chap. 1326, before an appeal can be properly taken to the superior court.

In our opinion, chap. 1326 is jurisdictional and sets up the conditions precedent to the proper taking and entry of an appeal from the district to the superior court. If it were the purpose of the legislature to exempt from the performance of such conditions precedent the Legal Aid Society and its clients, as distinguished from other poor plaintiffs and defendants who might not be represented by this society, it would have been easy for the legislature to have said so unequivocally. It has not done so by the language of chap. 2393. Moreover, if there is any apparent inconsistency or

ambiguity in the language of these two statutes, we should adopt, in accordance with familiar canons of legislative construction, that interpretation which is reasonable and which will give effect to both statutes, and to all of the clauses in those statutes. See *Blais* v. *Franklin,* 31 R. I. 95; *Probate Court* v. *McCormick,* 56 R. I. 308; *Berard* v. *Blais,* 56 R. I. 431; *State* v. *Hudson, supra.*

Accordingly, it is our opinion that chap. 2393 exempts the Legal Aid Society and its clients from the payment in advance of those initial fees and charges of litigation which are required by statute in the ordinary case to obtain a trial in a court of competent jurisdiction. However, it does not extend that exemption so as to cover the payment of costs after a trial in a district court for the purpose of perfecting an appeal from that court to the superior court.

Nothing contained in *State* v. *Hudson, supra,* or *Plastic Merchandisers, Inc.* v. *Royal Moulding Co., supra,* is inconsistent with the construction adopted in the instant case. The *Hudson* case is not in point, as it was a criminal proceeding that involved a wholly different statute, under which the trial court had a sound discretion in the making of certain allowances to an indigent accused.

In the *Plastic Merchandisers* case, the plaintiff had prevailed in the district court in a lesser amount than it expected and it therefore claimed an appeal. It paid all of the costs properly taxable against it which, in that case, was the fee of defendant's attorney, as authorized by statute. No other costs were taxed by the clerk. The jurisdiction of the superior court to hear the appeal, therefore, was upheld because the plaintiff had paid, on claiming its appeal, all of the taxable costs authorized by law in such a case.

In the instant case, however, the clerk failed to tax or require payment of any proper costs in accordance with chap. 1326, before certifying the plaintiff's appeal. What is so largely his error, if allowed to defeat the plaintiff entirely, would visit unnecessary hardship on a poor litigant whom,

at least in the first instance, the statute was trying to assist. Moreover, the *Plastic Merchandisers* case was not then decided, and the scope and construction of chap. 2393 is raised before us for the first time in this proceeding. No settled practice under this statute appears and, because of its somewhat ambiguous language, the construction contended for by the plaintiff is fairly arguable.

In our opinion the record here shows sufficient exceptional circumstances to warrant the exercise of our powers to prevent injustice by protecting the plaintiff's right to his appeal, if he so desires.

For the reasons stated, the plaintiff's exception must be overruled and the case is remitted to the superior court for further proceedings; without prejudice, however, to the right of the plaintiff to perfect his appeal to the superior court by paying to the clerk of the fourth district court, within two days from the date on which the papers in the case shall have been received in that court from the superior court, all the costs lawfully taxable in accordance with chap. 1326.

*LeRoy G. Pilling, George Ajootian,* for plaintiff.

*Patrick H. Quinn, Michael DeCiantis,* for defendant.