*Aram K. Berberian,* for defendant.

366 A.2d 537.

ERNEST H. GOULET *vs.* EDWARD T. DALTON.
PATRICIA MINECCI *vs.* JAMES SIGNORELLI.

DECEMBER 8, 1976.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This joint civil action[1] in the nature of mandamus was brought in the Superior Court to compel certification of the papers in two District Court cases. The case is here on the plaintiffs' appeal from a Superior Court judgment denying the relief sought.

The action has its origin in two District Court actions, each having been prosecuted in a different division of that court. In one, a claimant appearing pro se prevailed in a small claims action against Patricia Minecci, one of the plaintiffs in this case. In the other, a tenant, who was represented by Rhode Island Legal Services, Inc., successfully defended a trespass and ejectment action brought against him by Ernest H. Goulet, the other plaintiff in this case. Following entry of judgments against them, Minecci and Goulet each filed a notice of appeal with, and paid costs of $20 to, the deputy clerk of the division in which the case had been tried. In each instance, the clerk refused to certify the papers to the Superior Court and returned the $20, giving as his reason in the Minecci case that the taxable costs incident to claiming an appeal were $70 and not $20, and in the Goulet case that the claim of appeal had not been timely. Before us, however, the question of the timeliness of Goulet's claim of appeal was neither briefed nor argued, and his appeal in the present proceeding may therefore be summarily rejected.

What remains is whether, in a case in which the adverse party has not retained an attorney, G. L. 1956 (1969 Reenactment) §9-12-10, as amended by P. L. 1969, ch. 239,

---

[1]In joining in this action the two plaintiffs purport to act under Super. R. Civ. P. 20, which permits joinder of plaintiffs in one action if their claims arise out of the same transaction. occurrence, or series of transactions or occurrences and present at least one common question of law or fact. Whether or not this proceeding qualifies was not argued by the parties and is not raised sua sponte.

§9,[2] will nonetheless require the payment of a $50 attorney's fee as a prerequisite to a civil appeal to the Superior Court from a District Court judgment.

The defendants argue that §9-12-10 is jurisdictional and that, consequently, a party appealing from a District Court judgment in a civil action must pay all legally taxable costs in order to become entitled under §9-12-11, as amended by P. L. 1969, ch. 239, §9,[3] to have the case and the papers certified and transmitted to the Superior Court. That has long been an established principle in this state. *Ainsworth* v. *Saybrooke Mfg. Co.*, 60 R.I. 290, 293, 198 A. 348, 350 (1938). The question here, however, is what the legally taxable costs are, not whether they must be paid, and on that question the *Ainsworth* case is of no assistance.

More helpful, though not directly in point, is *Plastic*

---

[2]General Laws 1956 (1969 Reenactment) §9-12-10, as amended by P. L. 1969, ch. 239, §9, reads in pertinent part as follows:

"In all civil cases in the district court, any party may cause such case to be removed for trial on all questions of law and fact, to the superior court * * * by claiming an appeal from the judgment of the district court, in writing, filed with the clerk of said division * * * provided that the party claiming such appeal at the time of claiming the same shall pay to the clerk all costs including an attorney's fee of fifty dollars ($50.00) for the party or parties adversely interested in the judgment, *to be paid by the clerk to the attorney for such adverse party;* and provided further, that costs shall not be taxed, exclusive of said attorney's fee, at a less sum than the sum of twenty dollars ($20.00)." (Emphasis added.)

[3]General Laws 1956 (1969 Reenactment) §9-12-11, as amended by P. L. 1969, ch. 239, §9, provides as follows:

"If an appeal be so claimed, the case and the papers shall, on the next court day of the district court, be certified and forthwith transmitted to the superior court for the county wherein the division is situated, and such case shall be in order for assignment for trial in accordance with applicable procedural rules aften ten (10) days from such certification, but if the case be for tenement let, or held at will or by sufferance, it shall at once be certified to the superior court as aforesaid, and shall be in order for assignment forthwith, and shall take precedence of other matters on the calendar."

*Merchandisers, Inc.* v. *Royal Moulding Co.*, 57 R.I. 510, 190 A. 788 (1937). The issue in that case was whether, under a statute that did not differ in relevant part from §9-12-10, the payment of costs was requisite to an appeal by a plaintiff who, though prevailing in the District Court, had nonetheless appealed because it had been awarded a lesser sum than it had anticipated. Coincident with that appeal, the plaintiff had paid the District Court clerk the sum of $5, that being the amount of the fee for the adverse party's attorney fixed by §9-12-10's precursor and the clerk having taxed no other costs. Subsequent to the case being certified to the Superior Court, the defendant moved to have it remanded because of the plaintiff's asserted non-compliance with the directive that costs of at least $5, exclusive of attorney's fees, be taxed against the appealing party. That motion was granted and the plaintiff appealed.

We approached the problem by observing that the statutory provision for the payment of costs was separate and distinct from that for the payment of an attorney's fee, and that each of those provisions should be analyzed and construed both separately and in the light of other statutory provisions relating to the taxation of costs in the District Court. Then, after ascertaining that none of those provisions authorized an award of costs to a losing party, we concluded that, in the absence of any language therein strongly supporting a different construction, the provision in question should not be construed "* * * as requiring the clerk, in case of an appeal by a prevailing party, to tax costs against him." *Plastic Merchandisers, Inc.* v. *Royal Moulding Co., supra* at 514, 190 A. at 790.

When we apply the *Plastic Merchandisers* rationale of separate analysis and construction here, we find that, although §9-12-10 presupposes that costs generally will be paid to the prevailing party, it specifically directs the clerk to pay the prescribed attorney's fee "to the attorney for

such adverse party." If the Legislature had not intended to limit the payment of an attorney's fee to cases in which the adverse party was represented by counsel, then surely it either would not have directed the clerk to pay that fee to a specified attorney or at least would have provided for its disposition in the event the adverse party was unrepresented. It seems to us that the statutory directive that the attorney's fee be paid to an attorney is clear evidence that the Legislature did not intend nonattorney litigants to be compensated for their own services. *Cf. Hannon* v. *Security Nat'l Bank,* 537 F.2d 327 (9th Cir. 1976). It follows, therefore, that payment of an attorney's fee is a prerequisite to an appeal only if the adverse party is represented by an attorney. Consequently, the deputy clerk should have certified and transmitted the papers in Patricia Minecci's District Court case to the Superior Court.

The appeal of the plaintiff Patricia Minecci is sustained and the judgment appealed from with respect to her claim is reversed; the appeal of the plaintiff Ernest H. Goulet is denied and dismissed and the judgment appealed from with respect to his claim is affirmed; and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Paolino did not participate.

*Aram K. Berberian,* for plaintiffs.

*Julius C. Michaelson,* Attorney General, *Alfred French Goldstein,* Special Asst. Attorney General, for defendants.