[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from the granting of a variance by the Derby Zoning Board of Appeals to the co-defendant, Luciana Fabiano. Fabiano has filed a motion to dismiss the appeal, claiming that it does not contain an adequate statutory bond and that the appellants have failed to exhaust their administrative remedies. This second claim is based on the fact that several subsections of paragraphs 7 and 8 of the appeal made claims of violations of various sections of the Derby Zoning Regulations. The defendant contends that these claims were not raised at the hearing before the Board, the zoning enforcement officer or the building official and that they cannot be considered on this appeal for failure to exhaust administrative remedies. The plaintiff claims otherwise, but it is unnecessary to resolve this factual dispute.
A motion to dismiss admits all well pleaded facts and the complaint is construed in the manner most favorable to the plaintiff. Young v. Chase, 18 Conn. App. 85, 90; Duguay v. Hopkins, 191 Conn. 222, 227. Even though failure to exhaust available administrative remedies is considered to go to subject matter jurisdiction in cases where it applies, Concerned Citizens of Sterling v. Town of Sterling, 204 Conn. 551,556, and even though the defendant may be factually correct that some of the claims raised in the appeal were not raised before the Board itself or to other municipal officials prior to this appeal, that problem does not knock out the entire appeal. Other allegations in paragraphs 7 and 8 of the appeal, which are not challenged by this motion, such as alleged lack of hardship for the variance that was granted, are properly raised in the appeal. Dismissal of the entire appeal on this ground is improper, but the trial judge can consider which claims are properly raised in this appeal, and exclude others which may be barred by the doctrine of failure to exhaust available administrative remedies. CT Page 2864
The other ground for the motion is that the plaintiffs have failed to file a proper statutory bond as required by what is now section 8-8(h) of the General Statutes, which now provides in part: "The authority issuing a citation in the appeal shall take from the appellant . . . a bond or recognizance to the board, with surety to prosecute the appeal to effect and comply with the orders and decrees of the court." The bond filed by the appellants did not contain the magic words "and comply with the orders and decrees of the court" as required by the statute. The statute, containing the same language, was considered in Corden v. Zoning Board of Appeals, 131 Conn. 654, 657 (1945). There the appeal contained only the recognizance of an individual without any surety that the plaintiffs would prosecute the appeal to effect and pay any costs for which judgment might be rendered against them. The court in Corden questioned the necessity for the statutory bond but determined it could find no basis for reading an exception into the statute, and concluded that "the failure of the plaintiffs to file a bond of the character specified was sound ground for the abatement of the appeal." It was recognized, however, that this type of defect might be curable in a proper case by an amendment to the process, but dismissed the appeal on a plea in abatement filed by the defendants.
In Sheehan v. Zoning Commission, 173 Conn. 408 (1977), a similar, defective form of bond was filed with the appeal. A claim that failure to have the bond required by section 8-8
deprived the court of subject matter jurisdiction was rejected.
 "Although the giving of a proper bond or recognizance is an essential element in the taking of an appeal; Palmer v. Des Reis, 136 Conn. 627, 630, 73 A.2d 327; a statutory provision requiring such a bond is solely for the benefit of the defendant. Butterfield v. Brady, 111 Conn. 112, 113, 149 A. 252; Ormsbee v. Davis, 16 Conn. 567, 574. The plaintiffs' failure to provide a proper bond or recognizance was a serious irregularity, but it did not destroy the jurisdiction of the court over the subject matter of the action. Butterfield v. Brady, supra. Since the omission was not fatal to the appeal, it could have been waived by the defendant; Johnson v. Zoning Board of Appeals, 166 Conn. 102, 107, 347 A.2d 53, Morse v. Rankin, 51 Conn. 326, 327; and could have been cured by the plaintiffs by filing a timely amendment. Corden v. Zoning Board of Appeals, 131 Conn. 654, 657-58, 41 A.2d 912; 2 Am. Jur.2d, CT Page 2865 Administrative Law, section 721." Id., 410, 411.
A motion to erase the appeal was denied because before the court had ruled on the defendant's motion the plaintiff remedied the defect by amending the appeal within 30 days of the return day as allowed by section 52-128 of the General Statutes and section 131 of the Connecticut Practice Book.
In this case the plaintiffs made no attempt to amend the appeal bond within 30 days of the return day. While the plaintiffs have not attempted to amend the process, the defendants have not pressed the motion to dismiss, filed January 17, 1990, until recently, when the case was assigned for trial. The defect does not go to subject matter jurisdiction, and there are several remedies available to the appellants to reinstate the appeal even if the motion to dismiss were granted.
While Corden v. Zoning Board of Appeals, supra, 658, held that a motion to dismiss should be granted where the statutory bond in section 8-8 is not filed, a material change in that statute allows the court to take a different approach. Public Act 89-356, section 1, added subsections (p) and (q) to section 8-8. Subsection (p) provides that the appeals procedure in section 8-8 shall be liberally interpreted in any case where a strict adherence to the appeal provisions would work surprise or injustice, and, except as otherwise provided by section 8-8 or the Rules of the Superior Court, pleadings may be filed, amended or corrected. Subsection (q) provides the additional remedy that where the appeal has failed for any matter of form, that the appellant is given an additional 15 days from the determination of a defect to properly take the appeal. If these statutes do not apply to salvage an appeal for the type of defect here, namely where a bond was filed but its content is defective, and the defect does not go to subject matter jurisdiction, it is difficult to see when these provisions would apply. Technically the court could dismiss the appeal and leave the plaintiffs to attempts to salvage it under section 8-8(q) or some other statute, but that would require reinstituting the entire suit.
Case law also supports the plaintiffs' position. In this case the bond attached to the appeal was a surety bond, and it substantially complied with the forms for a bond in an administrative appeal referenced in the Connecticut Practice Book. While these forms are merely illustrative and not mandatory, Killingly v. Wells, 18 Conn. App. 508, 512, and do not conform strictly to section 8-8, it is difficult to see how the defendant Fabiano has been prejudiced. An appeal CT Page 2866 should not be dismissed for use of an improper form which does not prejudice the defendant. See Carlson v. Fisher,18 Conn. App. 488, 493; Cardoza v. Zoning Commission, 211 Conn. 78,84.
The motion to dismiss was not claimed to the short calendar until all briefs were filed and the case was assigned for trial. Under the circumstances, dismissal of the appeal at this stage would be unjust, and the appellants should be allowed to cure the defect and have a trial on the appeal.
The motion to dismiss is denied. The appellants are allowed 15 days to amend the appeal bond, and if they fail to do so the defendant may renew the motion to dismiss.
ROBERT A. FULLER, JUDGE