[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS APPEAL
The motion before the court raises the issue whether a misnomer in a bond provided as part of an appeal from a property tax revaluation deprives the court of subject matter jurisdiction.
By an appeal filed on May 25, 1994, the plaintiff, Lockworks Square Limited Partnership, appealed from a March 29, 1994 ruling of the Board of Tax review of the Town of Branford fixing the value of certain property owned by the plaintiff for purposes of real estate taxation.
In the recognizance that was filed with the appeal from the valuation, the plaintiff declared that "Bradley Nitkin, General Partner of Lockworks Square Limited Partnership having a business address at 885 Second Avenue, 7th floor, New York, N.Y. 10017, as Principal, and Carol Massaro, 111 Whitney Avenue, New Haven, CT 06510, as Surety, are hereby recognized as jointly and severally bound unto said Town of Cromwell in the sum of TWO HUNDRED FIFTY ($250.00) DOLLARS conditioned that the applicant shall prosecute his application to effect and comply with and conform to the orders and decrees of the Court." [Emphasis supplied].
General Statutes § 12-117a requires an appellant in a real estate tax appeal to post a bond in favor of the town from whose revaluation the appeal is taken. The defendant Town of Branford asserts that because the bond furnished by the plaintiffs erroneously identifies Cromwell rather than Branford as the beneficiary of the bond, the plaintiffs have failed to comply with the requirements of the statute under which their appeal is brought, such that this court lacks subject matter jurisdiction.
The plaintiffs have moved to amend to cure the misnomer in the bond.
The defendant asserts that because appeals of this nature are CT Page 9648 statutory remedies, failure to comply with every statutory requirement renders the appeal ineffective. While there are some acts of noncompliance with the provisions of the statutes creating the right to appeal that destroy subject matter jurisdiction, see,e.g. Southern New England Telephone Co. v. Board of Tax Review,31 Conn. App. 155, 162 (1993), errors as to bonds have not been held to have that effect.
As to other appeals that are similarly characterizable as statutory remedies, for example, appeals taken pursuant to General Statutes § 8-8, failure to provide a proper bond or recognizance has been held to be an amendable defect, not one that destroys the jurisdiction of the court over the subject matter of the action.Sheehan v. Zoning Commission, 173 Conn. 408, 411 (1977). Sheehan
was cited with approval in Demar v. Open Space ConservationCommission, 211 Conn. 416, 428 (1989).
Similarly, failure to provide a bond in the proper form as to a writ of replevin was found not to destroy the jurisdiction of the court in Butterfield v. Brody, 111 Conn. 112, 113 (1930).
Where a party seeking an injunction initially failed to provide a bond as required by General Statutes § 52-185 (a), the Supreme Court ruled in Franchi v. Farnholme, Inc., 191 Conn. 201,207-208 (1983), that the failure to provide a bond was an amendable defect.
The court finds that the misnomer in the bond provided was an amendable defect that did not deprive the court of subject matter jurisdiction.
The motion to dismiss is denied.
The motion to amend the bond to correct the misnomer is granted.
Beverly J. Hodgson Judge of the Superior Court