[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Warren J. Gottier brings this appeal pursuant to Conn. Gen. Stat. Sec. 4-183 from a decision of the Department of Public Utilities Control (hereinafter "DPUC") which denied the Connecticut Water Company's (hereinafter "CWC") application for approval of a water main extension contract between CWC and the plaintiff. The plaintiff's complaint alleges that the contract proposes to extend 2150 feet of pipe to the entrance of High Manor Mobile Home Park (hereinafter "High Manor") to provide water for the units in High Manor. The proposed water main extension runs past the defendant Giuliettis' proposed mobile home project, known as Rockledge Estates Mobile Home Park (hereinafter "Rockledge") and, as High Manor is located beyond the entrance of the Rockledge site, 1650 feet of pipe would be extended to the entrance of the Rockledge site as part of the 2150 feet of pipe extended to High Manor. A section of the contract between the plaintiff and CWC provided that Rockledge would reimburse the plaintiff for an equitable portion of the total cost of the main extension based upon a predetermined formula if and when Rockledge connected to the High Manor main extension. The DPUC approved the contract without that provision and ordered the plaintiff and CWC to execute a document to the DPUC which indicated that they were aware, by the issuance of the "final decision," that the proposed special reimbursement section of the main extension contract was null and void. CT Page 2982
The defendants Vernon Village, Inc., Anita Giulietti, John Giulietti, James Giulietti and Joanne Giulietti Hollis, developers of Rockledge, move to dismiss the plaintiff's appeal for lack of subject matter jurisdiction on the grounds that the plaintiff filed an improper bond and that the plaintiff is not aggrieved by the DPUC's decision.
A motion to dismiss is the appropriate vehicle for challenging the subject matter jurisdiction of the court. Conn. Practice Book Sec. 143 (rev'd to 1978, as updated to October 1, 1990). Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera, 207 Conn. 420, 427 (1988). A challenge to subject matter jurisdiction can be made at any time, and the lack thereof cannot be waived. Monroe v. Monroe, 177 Conn. 173,177, appeal dismissed 444 U.S. 801, 100 S.Ct. 20,62 L.Ed.2d 14 (1979); see Conn. Practice Book Sec. 145. Every presumption favors the jurisdiction of a court. Monroe,177 Conn. at 177.
If a motion to dismiss does not seek to introduce facts outside of the record, it admits all facts well pleaded. Duguay v. Hopkins, 191 Conn. 222, 227 (1983). The complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217 (1983). Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees,207 Conn. 59, 62 (1988); see also Garden Mutual Benefit Association v. Levy, 37 Conn. Sup. 790, 791 (App. Sess. 1981).
1. Improper Bond
The defendants argue that the bond provided by the plaintiff is improper because it is signed only by the plaintiff's attorney and not by the plaintiff as principal nor by the surety. The defendants claim that a proper bond is (i) specifically required by Conn. Gen. Stat. Sec.16-35 and (ii) impliedly required by Conn. Gen. Stat. Sec.4-183 (m), which permits a waiver of the bond requirement if the appellant files an application for waiver within the time permitted for filing the appeal. The defendants argue that the bond requirement should be strictly construed.
The plaintiff argues that the practice Book forms are CT Page 2983 not mandatory unless otherwise designated as such and that even if the bond was deficient, subject matter jurisdiction would not be affected. The plaintiff questions the standing of the defendants to raise the issue of the bond because the bond is solely for the benefit of the defendant agency and the DPUC in this case has never even set the amount of the bond pursuant to Conn. Gen. Stat. Sec. 16-35. The plaintiff has requested leave to amend his complaint to include a bond identical to Practice Book Form 204.3, as permitted by Practice Book Sec. 53.
In Sheehan v. Zoning Commission of Old Saybrook,173 Conn. 408 (1977), the court held that, "[t]he plaintiffs' failure to file a proper bond or recognizance was a serious irregularity, but it did not destroy the jurisdiction of the court over the subject matter of the action." Id. at 411. The court went on to hold that although an administrative appeal is not a "civil action," the initiation of judicial review of the agency's decision is "in the nature of civil process." Id. at 411-12; see Wilson v. Town of West Hartford, 2 CTLR 525, 526 (November 1, 1990, Maloney, J.) "Therefore, the court held, statutes and practice book rules concerning civil process may be applicable to administrative appeals." Wilson, 2 CTLR at 526, see Sheehan,173 Conn. at 411-413.
In this case the bond is solely for the benefit of the DPUC, which has not contested the propriety of the bond, and which has not even fixed an amount of the bond pursuant to Conn. Gen. Stat. Sec. 16-35. The plaintiff has a pending motion to amend its complaint to include a bond which complies with the suggested Practice Book form. The plaintiff's failure to file with its complaint a bond that complied with Practice Book Form 204.3 does not destroy the court's subject matter jurisdiction. Accordingly, the defendants' motion to dismiss on the ground of an improper bond is denied.
2. Aggrievement
The defendants argue that the plaintiff is not aggrieved by the agency's decision to deny him "equitable reimbursement" because the plaintiff was already under a legal obligation, pursuant to a consent decree, to extend the public water supply system to High Manor and to "have paid the estimated costs in the contract" (Defendants' brief, p. 3).
The defendants further argue that the plaintiffs are not aggrieved since the equitable reimbursement sought by the CT Page 2984 plaintiff is "disproportionately unfair" and to enforce it would be unconscionable. (See Defendants' Motion to Dismiss, P. 4).
The plaintiff argues that the motion to dismiss is improper because it attempts to force the plaintiff to meet his burden of proving aggrievement at the pleading stage. The plaintiff further argues that the defendants are "attempting to try the case on the merits via a motion to dismiss" (Plaintiff's Brief, p. 6). Finally, the plaintiff argues that he is aggrieved by the agency's decision regardless of his "`agreement'. . .to pay for the extension, [because] under no construction of that agreement could [plaintiff] Gottier have been deemed to agree not to pursue equitable reimbursement from those who tie into the mein extension." (Plaintiff's Brief, p. 7).
"Since aggrievement by an administrative decision is a prerequisite to the trial court's subject matter jurisdiction over an appeal. . .a motion to dismiss under Practice Book Sec. 142 and 143 is a proper way to raise the issue of the sufficiency of the allegations of aggrievement." Ribicoff v. Division of Public Utility Control, 38 Conn. Sup. 24, 26
(Super.Ct. 1980), aff'd, 187 Conn. 247 (1982) (citations omitted); See Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702 (1989). The question of aggrievement is essentially one of standing. Ribicoff,38 Conn. Sup. at 26. The trial court must be satisfied, first, that the plaintiff alleges facts, which, if proven, would constitute aggrievement as a matter of law, and second that the plaintiff proves the truth of those factual allegations. Id. The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient. Id.
"Since. . .the court is required to assess the legal sufficiency of the allegations of aggrievement, the standards developed for the court's identical task under a motion to strike contesting the legal sufficiency of allegations of a complaint are appropriate." Ribicoff, 38 Conn. Sup. at 27. The court must take the challenged factual allegations and the facts necessarily implied therefrom, construed most favorably to the pleader, as true. Id.; see Amodio v. Cunningham, 182 Conn. 80, 82 (1980). The pleading is tested by the facts provable under it, but unsupported conclusions of law are not admitted. Ribicoff, 38 Conn. Sup. at 27; see Fraser v. Henninger, 173 Conn. 52, 60 (1977).
 The fundamental test by which the status of aggrievement for purposes of qualifying to take an CT Page 2985 appeal from an administrative order or regulation is determined encompasses a well-settled two-fold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specifically and injuriously affected by the decision.
Beckish v. Manafort, 175 Conn. 415, 420 (1978) (quoting Nadler v. Altermatt, 166 Conn. 43, 54-55 (1974)). Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected. State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 300 (1987); see Hall v. Planning Commission, 181 Conn. 442, 445 (1980).
In his complaint the plaintiff alleges that he "has a substantial property interest in this matter and the essence of the DPUC order requires plaintiff provide public water to Rockledge Estates without there being a finding of liability for such provision." (Complaint, para. 13). The plaintiff further alleges that he "is aggrieved in that his substantial property rights are prejudiced by the DPUC's final decision as defined by C.G.S. Sec. 4-166 and Sec. 4-183 and has exhausted his administrative remedies." (Complaint, para. 14).
The plaintiff alleges that he and CWC executed a main extension contract. (Complaint, para. 1). The plaintiff alleges that the contract contained a provision requiring reimbursement from Rockledge if and when Rockledge connects to the High Manor main extension. (Complaint, para. 3). The plaintiff further alleges that CWC sought approval of the contract from the DPUC. (Complaint, para. 4). The plaintiff alleges that the DPUC issued a final decision which ordered that CWC and the plaintiff execute a document to the DPUC "which indicates that CWC and the plaintiff are aware that by issuance of this `final decision,' the proposed special reimbursement section of the Main Extension Agreement executed September 11, 1989 is null and void." (Complaint, para. 12).
CWC sought approval of its contract with the plaintiff pursuant to Conn. Dept. Reg. Sec. 16-11-61, which provides that "[e]ach utility shall file a plan acceptable to the CT Page 2986 commission providing for financing of extensions of mains." Conn. Dept. Reg. Sec. 16-11-53 (2) provides that the utility shall file with the commission and maintain in a current status, "[a] copy of each special contract for service which differs from the filed rates."
The plaintiff had a legal right to contract with CWC and to include any terms or provisions in the contract which are allowed by law. The DPUC's final decision adversely affects the plaintiff's right to contract with CWC. The plaintiff's claim is that he had a lawful provision in the contract which the DPUC improperly disallowed. The allegations in the complaint are sufficient, if proven, to support a finding of aggrievement.
An evidentiary hearing is still necessary in order to give the plaintiff the opportunity to prove that he is aggrieved. The plaintiff does not have to prove the merits of his case, i.e., that the DPUC acted arbitrarily, illegally, or in abuse of its discretion in excluding the reimbursement provision, to establish that he is aggrieved.
Accordingly, the defendants' Motion to Dismiss is denied.
SCHEINBLUM, J.