[Civil No. 654.   Filed March 15, 1899.]

[56 Pac. 725.]

## A. L. JOHNS, Plaintiff and Plaintiff in Error, v. THE PHŒNIX NATIONAL BANK, Defendant and Defendant in Error.

1. APPEAL AND ERROR—MOTION TO DISMISS—FAILURE TO FILE PAPERS— NOT JURISDICTIONAL—TIME MAY BE EXTENDED ON GOOD CAUSE SHOWN.—A motion to dismiss a writ of error, on the ground that no abstract of the record had been filed on the first day of the term, or at all, relates to a rule of court as to the time of filing papers, which can be extended, when good reason is shown, to accommodate delinquent parties, that justice may be done.

2. SAME—JURISDICTION—SUMMONS IN ERROR—DIRECTED TO SHERIFF— INSUFFICIENT — REV. STATS. ARIZ. 1887, PAR. 856, CONSTRUED — CADMAN V. OLD DOMINION COPPER COMPANY, 4 ARIZ. 413, FOLLOWED. —In suing out a writ of error, a summons directed to the sheriff, requiring him to summon the defendant in error, is not a compliance with paragraph 856, *supra,* providing it shall "require the defendant in error to appear and defend such writ before the supreme court at the next term thereof," and insufficient to give this court jurisdiction. *Cadman* v. *Old Dominion Copper Co., supra,* followed.

3. SAME—JUDGMENT—AFFIRMANCE—FAILURE TO FILE TRANSCRIPT OF RECORD—REV. STATS. ARIZ. 1887, PAR. 939, CONSTRUED—PREVENTS FURTHER REVIEW BY APPEAL OR WRIT OF ERROR.—An affirmance of judgment, under paragraph 939, *supra,* providing therefor upon failure of appellant to file the transcript of the record, is such a termination of the case as ends all proceedings for review, either by appeal or writ of error.

4. SAME—SAME—DISMISSAL—FAILURE TO FILE BOND—REV. STATS. ARIZ. 1887, PARS. 849, 851, 937, CITED AND CONSTRUED—FINAL—PRECLUDES SUBSEQUENT PROSECUTION OF WRIT OF ERROR.—Paragraph 849, *supra,* provides that an appeal may be taken during the term of court at which final judgment is rendered by giving notice of appeal in open court and by filing with the clerk an appeal-bond within twenty days of the end of the term. Paragraph 851, *supra,* provides that a writ of error may be sued out at any time within one year after final judgment is rendered. Paragraph 937, *supra,* provides the matters essential to the prosecution of an appeal, and that in the absence thereof the case shall be dismissed. Where plaintiff in error had a year before filed an appeal, and upon proceedings for justification of sureties upon his appeal-bond was ordered to give an additional bond, but, disregarding the order,

permitted his appeal to be dismissed for failure to comply with
said order, and suffered a mandate to be returned to the district
court, such dismissal will be held to be final and to preclude the
subsequent prosecution of a writ of error.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
A. C. Baker, Judge. Dismissed.

The facts are stated in the opinion.

A. J. Daggs, for Plaintiff in Error.

L. H. Chalmers, for Defendant in Error.

STREET, C. J.—1. On October 31, 1896, A. L. Johns, the
plaintiff in error in this court, as plaintiff in the district court,
filed a complaint against the defendant, the Phœnix National
Bank, a corporation, seeking to recover $25,654.39 damages
for the conversion of certain choses in action, and alleges:
That the Bank of Tempe, being the owner of several promis-
sory notes aggregating the sum of $17,953.51, principal and
interest, did, on the —— day of March, 1894, pledge the said
notes to the said Phœnix National Bank as collateral security
to secure the payment of an overdraft then due and of over-
draft privileges. The first of said notes was for the sum of
one thousand dollars, signed by Robert Bowen and W. A.
Daggs; the second for three thousand dollars, signed by A.
J. Daggs, and indorsed by R. E. Daggs; the third for seven
thousand dollars, signed by A. J. Daggs, and indorsed by R.
E. Daggs; the fourth for five thousand dollars, signed by A.
J. Daggs, and indorsed by R. E. Daggs; the fifth and sixth
each being for four hundred dollars, and signed by H. Z. Zuck.
That on the twenty-third day of May the Bank of Tempe made
a general assignment for the benefit of creditors to D. A.
Abrams, who thereupon became the assignee in bankruptcy of
said Bank of Tempe; that thereafter on the twenty-eighth day
of November, 1894, the Phœnix National Bank unlawfully
sold, assigned, and delivered the notes to A. J. Daggs, the
maker of a portion thereof, and that thereafter, on the ninth
day of March, 1895, said Abrams, assignee of the Bank of
Tempe, sold and assigned to said A. J. Daggs all of the right,
title, and interest of said Bank of Tempe "in and to that

certain chose in action of conversion, and all right in action
against the defendant growing out of the sale and conversion
by the defendant of the notes described, and all right to re-
cover damages arising out of such sale and conversion,'' etc.,
by reason of such sale to A. J. Daggs; that thereafter, and on
the seventh day of April, 1895, said A. J. Daggs sold and
assigned to the plaintiff, A. L. Johns, all his right to recover
from the defendant damages arising from the sale and deliv-
ery of the promissory notes by the Phœnix National Bank to
the said A. J. Daggs; that afterwards the said A. J. Daggs,
who is attorney for plaintiff, and who was the principal debtor
on the greater part of the obligations, and who received the
assignment of the notes from the Phœnix National Bank, and
who received the right to damages in the chose in action from
Abrams, assignee, because of such assignment, and who after-
wards transferred his right of action to Johns, plaintiff, made
a demand on the defendant, the Phœnix National Bank, for
the payment and settlement of the damages complained of.
On June 9, 1897, the cause was tried to the court without a
jury, and, upon the evidence offered by the plaintiff, judg-
ment was rendered for the defendant, whereupon plaintiff
filed a motion for a new trial, which, on June 18, 1897, was
heard by the court, and denied, and plaintiff gave notice of
appeal to the supreme court of the territory. These proceed-
ings were in the May term of the district court, 1897, which
term adjourned *sine die* on November 20th of that year. On
December 4th of that year plaintiff filed an appeal-bond with
the clerk of the district court, with the London Company, a
corporation, as surety, signed by R. E. Daggs, as secretary of
the London Company, and by the plaintiff, A. L. Johns, by
A. J. Daggs, his attorney, which was by said clerk approved.
The defendant, on December 6, 1897, excepted to the bond and
to the sufficiency of the sureties. The justification of sureties
coming before the court for adjudication, the court, on De-
cember 31, 1897, entered an order disapproving the bond and
the sureties thereon, and permitted the appellant to file a new
bond, with sureties, by January 8, 1898. No new or further
bond on appeal was ever filed, but on January 7, 1898, the
plaintiff filed his appeal in the supreme court of the territory
for the January term, 1898, the first day of which began on
the 10th of January, 1898; whereupon defendant (appellee)

moved that the appeal be dismissed, on the ground: 1. "That
no appeal-bond in this case has ever been approved by the dis-
trict court of Maricopa County, or the clerk thereof, from
which said court this said appeal comes, or by any other per-
son having authority to approve said bond; and the only bond
on appeal presented by appellant for approval was disap-
proved by the said district court, as shown by the minute
orders of said court, and certified to, a copy of which is hereto
attached; and therefore this court is without jurisdiction in
this case." 2. "Because of that disapproval the said bond is
not an appealable order, and therefore this court has no juris-
diction in this case." 3. "That the appellant herein has not
served upon the attorneys for appellee a copy of his brief in
said cause within thirty days after his attempt to perfect his
appeal herein, in accordance with subdivision 5 of rule III (2
Ariz. xxxiii, 35 Pac. vi) of the court, or at all." 4. "For the
reason there is no bill of exceptions or statement of facts filed
in this cause." And 5. "That the statement or record filed
herein does not comply with law." Appellant based his
motion upon certificates of the clerk of the district court, and
upon the record and papers on file in the supreme court. The
motion to dismiss was, on the eighteenth day of January, 1898,
sustained, and the then appeal of the present plaintiff in error
was dismissed. *Ante*, p. 181. On February 9, 1898, a mandate
issued out of the supreme court to the district court, which,
together with all of the original papers theretofore transmitted
by the district court to the supreme court, were returned to
the district court, the attempted appeal having been made
under act No. 71 of the nineteenth legislative assembly, with-
out the aid of a bill of exceptions or statement of facts, but
upon the original papers and the transcript of the reporter's
notes of the trial.

The plaintiff next, on the eleventh day of February, 1898,
filed his petition in error and his bond on proceedings in error
with the clerk of the district court, and obtained from the
clerk of said court a summons in error of that date, which is
in form and words as follows, to wit: "Summons in Error.
In the name of the territory of Arizona, to L. H. Orme
(sheriff) or any constable of Maricopa County, greeting: You
are hereby commanded to summons the Phœnix National Bank,
a corporation, with principal place of business at Phœnix,

Maricopa County, Arizona, to be and appear before our supreme court at the next regular meeting thereof to be held at the city of Phœnix, Maricopa County, Arizona, being on the second Monday in January, 1899, and then and there defend a writ of error granted on petition of A. L. Johns therein against the Phœnix National Bank, as defendant in error therein,'' etc.   The plaintiff then attached the petition in error and the summons in error to the identical papers which he had filed in the supreme court on January 7, 1898, on appeal, and put another cover thereon, and filed it with the clerk of the supreme court on January 6, 1899, for the January term of 1899, entitling it ''A. L. Johns, Plaintiff in Error, against The Phœnix National Bank, Defendant in Error''; whereupon the defendant in error appeared especially for the purpose of moving to dismiss the proceedings in error, and filed his motion to dismiss, which is as follows, to wit: ''Comes now defendant in error, and moves the court to quash the citation in error, and dismiss this cause in this court, for the following reasons: (1) Because no summons in error was issued or served in said cause, as provided by paragraph 856 of the Revised Statutes of Arizona, but, instead thereof, a citation only was issued and served upon defendants in error. (2) Because no abstract of the record in this cause had been filed herein on the first day of the term of this court, or at all. (3) Because this cause was brought to this court by appeal at the January term, 1898, of this court, and said appeal was dismissed by this court, without any reservation of right to the parties; and a mandate issued out of this court on the ninth day of February, 1898, dismissing said appeal and giving appellee judgment.''

2. Of the three reasons assigned by the defendant in error why the court, at this term, should dismiss the writ of error, as it did at the last term dismiss the appeal, the second relates to a rule of court as to time of filing papers, which can be extended, when good reason is shown, to accommodate delinquent parties, that justice may be done.   The first and third are of a different nature, being jurisdictional.   The question raised by the first—as to whether a proper summons had been issued and served upon the defendant in error—is not now an open question.   This court, at the special July term, 1895, in the case of *Annie Cadman* v. *Old Dominion*

*Copper Co.,* 4 Ariz. 413, decided that a summons directed to
the sheriff, requiring him to summons the defendant in error,
was not a compliance with the statute. There was no opinion
written in that case, hence we will take a short review of the
situation. Where the statute prescribes a certain thing to be
done in taking out a writ of error, a party cannot interpose
his own peculiar methods in suing out a writ of error, instead
of following the statute. It is essential that writs should be
framed with regard to the provisions of the statute. Para-
graph 855 of the Revised Statutes provides that upon the fil-
ing of a petition and bond it shall be the duty of the clerk to
issue forthwith a summons for the defendant in error. There
has been some argument by counsel as to the distinction be-
tween summons and citation. A summons is "the name of a
writ commanding the sheriff or other authorized officer to
notify a party to appear in court to answer a complaint made
against him, and in said writ specified, on a day therein men-
tioned." A citation is "a writ issued out of a court of compe-
tent jurisdiction, commanding the person therein named to
appear on the day named, and do something therein men-
tioned, or show cause why he should not." It has been argued
by counsel that when the statute directs a summons to be
issued it means a common-law summons, and that the summons
shall be directed to an officer, commanding him to summon
the defendant, etc. The ancient distinction between a sum-
mons and a citation cannot, under our system, be determina-
tive of the form to be employed. Each jurisdiction determines
that matter for itself. We find courts defining a citation to
be different from that by which it was known. Some courts
say a citation is a writ to be directed to some officer, and must
be served by him. This question must be determined by our
statute, and paragraph 856 says: "Such summons must be
styled, dated, and listed [tested] by the clerk as other writs,
and the date of its issuance shall be noted thereon"; and, after
containing other provisions, it says: It shall "require the de-
fendant in error to appear and defend such writ before the
supreme court at the next term thereof." It is in conformity
with the provisions of paragraph 695, providing for summons
in the commencement of actions, which there says: "The sum-
mons shall state the parties to the action, the court in which it
is brought, the county in which the complaint is filed, and

require the defendant to appear and answer the complaint,''
etc. Each of those provisions are explicit as to how the sum-
mons shall be directed. The direction is to the parties defend-
ant, not a direction to the sheriff or other officer, to summons
the defendant. In some special proceedings the statute is
different; as, for instance, in forcible entry and detainer (Rev.
Stats., par. 2010), the direction to the tribunal issuing the
summons is: "He shall immediately issue his summons to the
sheriff, or any constable of his county, commanding him to
summon the person against whom the complaint is made to
appear," etc. Again, under act No. 52 of the Laws of 1893,
being special proceedings in appeals and writs of error, it is
provided the summons mentioned shall "be issued by the clerk
of the supreme court to the sheriff of any county in which the
defendant in error or his attorney of record may be." This
writ of error is not sued out under the provisions of that stat-
ute, but under the provisions of title 15, chapter 20 of the
Revised Statutes, and must be controlled by the provisions
thereof.

3. The third ground urged by the defendant in error why
the writ of error should be dismissed was decided in the same
case of *Annie Cadman* v. *Old Dominion Copper Co.*, 5 Ariz.
103. In that case the appeal had been taken and dismissed;
afterwards a writ of error had been obtained, and because of
the defect in the writ which we have just noticed the writ was
dismissed; and afterwards a writ of error in proper form was
obtained. At the January term, 1896, the second writ was dis-
missed, the court, presumably from the record, holding that
the dismissal of the first writ of error was such a judgment in
the case that no further proceedings in error or on appeal
could be had. No opinion having been filed by the court in
that case, let us take another short review of the law in rela-
tion to such matters. It is provided by paragraph 849 of the
Revised Statutes that an appeal may be taken during the term
of court at which final judgment is rendered by appellants
giving notice of appeal in open court, and by filing with the
clerk an appeal-bond within twenty days after the expiration
of the term. Paragraph 851 provides that a writ of error may
be sued out at any time within one year after final judgment
was rendered. The rule in such cases is, where the dismissal
of an appeal is for want of prosecution, or the dismissal is on

the merits, that the dismissal will operate as a final judgment, but where an appeal has been dismissed from some technical defect it cannot operate as a final judgment. This plaintiff in error had filed an appeal at the January term, 1898. He had filed his appeal-bond with the clerk of the district court, and had had the same approved, but upon proceedings for the justification of sureties the court had ordered the appellant to give a new or additional bond, and had extended the time in which the same should be obtained up to within three days before the sitting of the supreme court; but appellant, disregarding the same, filed his appeal in the supreme court four days before the sitting thereof, which appeal was dismissed by the court on motion of appellee, because of his failure to comply with the order of the district court in filing a new or additional bond. Paragraph 937 of the Revised Statutes (in proceedings in civil cases in the supreme court) specifies certain things to be done by the parties appealing, and provides that ''in the absence of all these'' the case shall be dismissed; the things provided being essential to the prosecution of the appeal. Paragraph 939 provides that in failure to prosecute in certain other ways—that is, by filing a transcript of the record—it shall be the duty of the supreme court, on motion, to affirm the judgment of the court below. At the January term the appellee moved to dismiss instead of moving to affirm. Had there been an order of affirmance, there could have been no doubt about there having been such a termination of the case as to have ended all proceedings for review, either by appeal or by writ of error; and the question is whether an order dismissing the appeal, under the circumstances and condition of the record, would operate in the same way. *Perez* v. *Garza,* 52 Tex. 571-574, is a case where appellant abandoned his appeal the day on which he should have filed a transcript of record in the supreme court, and, instead of filing the transcript, he abandoned his appeal, and filed a petition for a writ of error, and gave the writ of error bond. The court said: ''The right of appellee to the execution of his judgment cannot be delayed or trifled with by so shallow a device as this. It is the fact that appellants, after delaying the collection of judgments, might decline to prosecute their appeals, that induced the enactment of the statute which authorizes the affirmance of judgment on certificate, without reference to the

merits. If this could be prevented by abandoning the appeal, and suing out a writ of error at a day too late for the return of the writ to the ensuing term' of the supreme court, it would be impossible to enforce judgments against defendants who wish to delay them until the expiration of the term within which a writ of error may be prosecuted; for, if the first writ of error did not effect this, it might' be abandoned, as the appeal has been in this case; and another writ sued out.'' In *Knox* v. *Earbee*, (Tex. Civ. App.) 31 S. W. 531, the appellant failed to file a transcript in the supreme court within the time prescribed by the statute, and a motion was made to affirm the judgment, whereupon the appellant sued out a writ of error. The court in that case said: ''Appellants have failed to excuse their failure to prosecute their appeal, and to allow them to prosecute their writ of error would delay the case several months in this court. We therefore conclude that the answer to the motion to affirm on certificate is insufficient, and the said motion will be granted.'' In this case the plaintiff in error, by his proceedings in appeal, delayed the settlement of the litigation by his process of appeal up until the very sitting of the supreme court, and then abandoned the appeal, and permitted it to be dismissed, and suffered a mandate to be returned to the district court. Immediately upon the mandate arriving there, when execution upon it could have been enforced, he stayed the execution by a writ of error, and comes again into the supreme court by filing his record therein nearly one year after the writ of error had been issued, and just as the term of the supreme court was about to open, and files the very same papers that he had theretofore filed on appeal, and asks that the same questions be determined which he had failed to prosecute one year before. Under such conditions we feel that it would be trifling with justice to hold that the dismissal of the appeal was not a final determination of the matter, and allow the writ of error to be prosecuted. Therefore, for this reason, and for the reason that a proper summons has not been issued, the writ of error is dismissed.

Sloan, J., Doan, J., and Davis, J., concur.