BERNARD F. SHEEHAN ET AL. *v.* ZONING COMMISSION
OF THE TOWN OF OLD SAYBROOK

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued June 15—decision released August 16, 1977

*Thomas F. Brown,* for the appellants (plaintiffs).

*Peter M. Sipples,* with whom were, on the brief, *George J. Kinsley, Robert J. Pigeon,* and *Etalo G. Gnutti,* for the appellee (defendant).

COTTER, J. The plaintiffs, property owners in the town of Old Saybrook, appealed to the Court of Common Pleas from the granting by the defendant of an application of Hull Harbor, Inc., for a special exception. Their appeal was dismissed upon the granting of the defendant's motion to erase, and from that judgment, upon granting certification, the plaintiffs have appealed to this court.

Pursuant to §§ 8-8[1] and 8-9[2] of the General Statutes, the plaintiffs took their appeal to the Court of Common Pleas within fifteen days of the publication of the decision by the defendant commission. The appeal, however, failed to follow § 8-8 since it contained only a recognizance of an individual, without any surety, that the plaintiffs would prosecute the appeal to effect and pay any costs for which judgment might be rendered against them. After

---

[1] "[General Statutes] Sec. 8-8. APPEALS FROM BOARD TO COURT. REVIEW BY SUPREME COURT. Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts the land involved in any decision of said board, . . . may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the court of common pleas . . . . The authority issuing a citation in such appeal shall take from the appellant, unless such appellant is an official of the municipality, a bond or recognizance to said board, with surety, to prosecute such appeal to effect and comply with the orders and decrees of the court. . . ."

[2] "[General Statutes] Sec. 8-9. APPEALS FROM ZONING COMMISSIONS AND PLANNING AND ZONING COMMISSIONS. REVIEW BY SUPREME COURT. Appeals from zoning commissions and planning and zoning commissions may be taken to the court of common pleas and, upon certification for review, to the supreme court in the manner provided in section 8-8."

the filing of the defendant's motion to erase, grounded, inter alia, upon the failure to comply with § 8-8, the plaintiffs amended their appeal within the first thirty days after the return day as provided for by § 52-128 of the General Statutes[3] and Practice Book § 131[4] to include a proper recognizance with surety in accordance with the requirements of § 8-8.

The defendant commission argues, inter alia, first, that since the statutory requirements for the taking of an appeal were not complied with, the court did not have jurisdiction and the defect could not be cured, and second, that even if such a defect might be corrected pursuant to § 52-128, the plaintiffs lost their right to amend once the defendant had filed its motion to erase. We cannot agree.

Although the giving of a proper bond or recognizance is an essential element in the taking of an appeal; *Palmer* v. *Des Reis,* 136 Conn. 627, 630, 73 A.2d 327; a statutory provision requiring such a bond is solely for the benefit of the defendant. *Butterfield* v. *Brady,* 111 Conn. 112, 113, 149 A. 252; *Ormsbee* v. *Davis,* 16 Conn. 567, 574. The plain-

---

[3] "[General Statutes] Sec. 52-128. AMENDMENT OF PLEADINGS BY PLAINTIFF; COSTS. The plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition, and insert new counts in the complaint or declaration, which might have been originally inserted therein, without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same."

[4] "[Practice Book] Sec. 131. AMENDMENT AS OF RIGHT BY PLAINTIFF The plaintiff may amend any defect, mistake or informality in the writ, complaint, petition or bill of particulars under the common counts, and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day, and he may amend his complaint fifteen days after a demurrer has been sustained."

tiffs' failure to provide a proper bond or recognizance was a serious irregularity, but it did not destroy the jurisdiction of the court over the subject matter of the action. *Butterfield* v. *Brady,* supra. Since the omission was not fatal to the appeal, it could have been waived by the defendant;[5] *Johnson* v. *Zoning Board of Appeals,* 166 Conn. 102, 107, 347 A.2d 53; *Morse* v. *Rankin,* 51 Conn. 326, 327; and could have been cured by the plaintiffs by filing a timely amendment. *Corden* v. *Zoning Board of Appeals,* 131 Conn. 654, 657–58, 41 A.2d 912; 2 Am. Jur. 2d, Administrative Law, § 721.

The so-called "appeal" to a court from an administrative board or agency "is not an appeal in the sense of a transfer of jurisdiction from one court to another, but simply provides 'a process, under the misleading name of appeal, for invoking the judicial power to determine a legal injury complained of, or the legality of an act done by the officers of another department.' *Malmo's Appeal,* 72 Conn. 1, 6, 43 Atl. 485." *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 585, 145 A. 48; *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 354, 23 A.2d 151; *Rommell* v. *Walsh,* 127 Conn. 16, 22, 15 A.2d 6. Nor may such an appeal to the Court of Common Pleas rightfully be called a "civil action."[6] *Bank Building & Equipment Corporation* v. *Architectural Examining Board,* 153 Conn. 121, 214 A.2d 377; *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602, 13 A.2d 462. The method of initiating judicial review of the decision of a zoning board or commission under § 8-8,

[5] In filing its motion to erase, the defendant commission did not waive the defect since it entered a special appearance to contest jurisdiction.

[6] Section 52-185 of the General Statutes, which applies only to "civil actions," is not pertinent to these proceedings.

however, is in the nature of civil process. "In appeals from administrative agencies, the writ is properly designated as a citation though it serves the same function." *Johnson* v. *Zoning Board of Appeals,* supra, 104 n.; Stephenson, Conn. Civil Proc. § 18. "A citation is a writ issued out of a court of competent jurisdiction, commanding a person therein named to appear on a day named to do something therein mentioned." *Sheldon* v. *Sheldon,* 100 N.J. Eq. 24, 30, 134 A. 904; Ballentine's Law Dictionary (3d Ed.); see *Johns* v. *Phoenix National Bank,* 6 Ariz. 290, 295, 56 P. 725. Similar to the writ used in civil process, the citation is simply a "direction to the officer to summon the agency whose decision is being appealed." Stephenson, supra.

A recognizance for costs must be contained within a writ of civil process, ibid.; and, in appeals brought under § 8-8, a proper bond or recognizance must similarly be made a part of the citation. Section 52-128 of the General Statutes and Practice Book § 131 allow a plaintiff to amend as of right any defect, mistake or informality in the writ within the first thirty days after the return day. In the instant case, the plaintiffs' right to amend the citation in order to remedy their defective bond was likewise authorized by the above provisions. *Corden* v. *Zoning Board of Appeals,* supra. "Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." *Johnson* v. *Zoning Board of Appeals,* supra, 111.

The defendant argues, relying on *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 170 A.2d 732, that once its motion to erase had been filed the court was obliged to dis-

pose of the question of jurisdiction before any motion or pleading of the plaintiffs could be entertained. The present case may be distinguished from *Village Creek* in that there was no "motion or pleading" to "be entertained" by the court in this case because the amendment was as of right under § 52-128 and Practice Book § 131 and took effect ab initio. Furthermore, in that case, the plaintiff's appeal from the decision of the administrative agency was fatally defective in that it contained no citation directing the deputy sheriff to make service upon either the defendant Public Utilities Commission or the defendant Connecticut Light and Power Company and to summon them to appear in court. Id., 338. Without a citation signed by competent authority, the officer to whom it is given for service receives no power or authority to execute its command, and becomes "little more than a deliveryman." Id., 339. Since the defect in *Village Creek* could not be cured by amendment, the trial court was correct in denying the plaintiff's motion to amend and in granting the defendants' motion to erase. See *Hyde* v. *Richard,* 145 Conn. 24, 138 A.2d 527.

The irregularity in the plaintiffs' citation is precisely the type of circumstantial defect envisioned by § 52-128 and Practice Book § 131. Before the trial court had ruled on the defendant's motion, the plaintiffs had effectively remedied this defect by amendment as of right within thirty days after the return day. See *Felletter* v. *Thompson,* 133 Conn. 277, 281, 50 A.2d 81.

There is error, the judgment is set aside and the case is remanded with direction to proceed according to law.

In this opinion the other judges concurred.