[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from the granting of a variance by the Shelton Board of Appeals to the defendants Robert J. Fedeli and Annemarie Fedeli. The action was commenced by service of the complaint upon the proper parties on August 3, 1990, with the action returnable to court on September 18, 1990. The appeal contains a recognizance dated August 1, 1990. The defendants have filed motions to dismiss the appeal due to insufficiency of process on the ground that the recognizance was defective and insufficient in that the plaintiff did not personally appear before the attorney who took the acknowledgement. It is admitted that the plaintiff was not in the state when the acknowledgement was taken. The acknowledgement was taken over the telephone by the plaintiff's attorney as part of a telephone conversation with the plaintiff, who was in Florida at the time. The plaintiff filed an amended recognizance on October 9, 1990. This time both the plaintiff as principal and another person as surety appeared before a Commissioner of the Superior Court who took their acknowledgement on October 9, 1990. The form of the amended recognizance and how it was taken have not been questioned.
In Corden v. Zoning Board of Appeals, 131 Conn. 654,657, 658, it was held that the failure to file the statutory bond required by section 8-8 of the General Statutes was a defect which made the appeal voidable, even though it was curable and did not deprive the court of subject matter CT Page 2923 jurisdiction over the appeal. Later, in Sheehan v. Zoning Commission, 173 Conn. 408, 410, 411, it was held that the failure to provide a proper bond or recognizance as required by section 8-8 was an irregularity which did not destroy the jurisdiction of the court over the subject matter of the appeal, and was a defect which could be cured by the plaintiffs by filing a timely amendment. The court further concluded that where the bond was not part of the citation both section 52-128 of the General Statutes and section 131 of the Practice Book allow a plaintiff to amend the appeal to remedy the defective bond within 30 days after the return day. Id., 412. It was held that since the defect in the citation was remedied by an amendment as a matter of right within 30 days after the return day, and before the trial court ruled on the defendants' motion to erase that the motion had to be denied. Id., 413. This case presents an identical situation to Sheehan. Accordingly it is unnecessary to decide whether the appeal is also salvageable under sections 8-8 (p) and 8-8 (q) of the General Statutes, as amended by Public Act 89-356 section 1, which is designed to cure some procedural defects in zoning appeals. The question of whether a recognizance, which is an oral bond, can be taken over the telephone, also becomes academic under the facts of this case.
The motions to dismiss are denied.
ROBERT A. FULLER, JUDGE