[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On March 12, 1991, the plaintiff, P.A. Mason Contractors, Inc. ("Mason") filed a three count complaint against the defendants CT Page 2927 Tower Shopping Plaza Associates ("Tower"), Howe Construction Company ("Howe"), A. Petrucci Construction Company ("Petrucci") and Connecticut Bank and Trust Company, which was substituted by the Federal Deposit Insurance Corporation ("FDIC") on December 2, 1991.
In the first count, Mason alleges that Petrucci was the general contractor in a construction project on land owned by Tower in Milford, Connecticut. Mason also alleges that Howe was a subcontractor on the project. Mason further alleges that between September, 1989, and September, 1990, Howe purchased materials and supplies from Mason for the Tower project, and that a balance of $130,336.94 remains due on those purchases. Mason also alleges that a mechanic's lien for the unpaid balance was placed on Tower property, and the lien was recorded in the Milford land records on December 3, 1990.
Mason further alleges that two parties claim interests in the liened property prior in right to Mason, while twelve parties claim interests similar in right to that of the plaintiff. Plaintiff alleges that the FDIC claims an interest in the liened property subordinate to that of the plaintiff.
The second count alleges breach of contract against Howe, while the third count alleges unjust enrichment against Tower. Mason seeks foreclosure of its mechanic's lien, possession of the liened premises, damages and costs, including attorney's fees, appraisal and title search fees, and interest.
On November 25, 1991, Howe filed a one count crossclaim, naming as defendants on the writ of summons seventeen parties, none of whom is Tower.
In the body of the crossclaim, Howe alleges that "Ernest C. Trefz and Christian C. Trefz, both d/b/a Tower Shopping Plaza Associates are owners" of Tower. (Complaint, paras. 2-3). Howe also alleges that it recorded a mechanic's lien on Tower on November 20, 1990. Finally, Howe alleges that the seventeen defendants named on the writ of summons claim interests in the liened premises which are subordinate in right to that of Howe.
Howe seeks foreclosure of the mechanic's lien, possession of the liened premises, attorney's fees, interest, a deficiency judgment, and costs. Howe also requested that the court appoint a temporary receiver of rents.
Howe filed with the crossclaim a notice of lis pendens, which states, in relevant part: "Notice is hereby given of the pendency of civil action brought by Howe Construction, Inc., by way of a crossclaim against Ernest C. Trefz, d/b/a Tower Shopping Plaza Associates, Christian J. Trefz, d/b/a Tower Shopping Plaza CT Page 2928 Associates . . . ."
The sheriff's lis pendens return indicates that Ernest C. and Christian J. Trefz were served with the notice of lis pendens on November 13, 1991.
The sheriff's return filed with Howe's crossclaim, however, lists only the seventeen defendants named on the writ of summons, supra. Tower is not among them.
On December 12, 1991, Tower filed this motion to dismiss the crossclaim of the first-party defendant and crossclaim plaintiff Howe on the grounds of insufficiency of process and lack of jurisdiction over Tower. The motion is supported by memorandum of law.
On January 15, 1992, Howe filed a memorandum in opposition to the motion.
A motion to dismiss is the proper vehicle for challenging the sufficiency of process and the jurisdiction of the court. See Practice Book 143.
In Coiro v. Duran, 4 CTLR 570 (September 9, 1991, Wagner, J.), the court considered a fact pattern quite similar to the facts in the instant case.
In Coiro, a defendant was not named on the writ of summons, but was named in the complaint. The court provided the following analysis:
Conn. Gen. Stat. 52-45a provides that
 Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. (Emphasis supplied.)
Conn. Gen. Stat. 52-123 provides, however, that
 [n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court.
 In Hillman v. Greenwich, 217 Conn. 520, 526 (1991), the court stated
CT Page 2929
 [A] write of summons is a statutory prerequisite to the commencement of a civil action. General Statutes 52-45a. A writ of summons is analogous to a citation in an administrative appeal; Sheehan v. Zoning Commission, 173 Conn. 408, 412, 378 A.2d 519 (1977); State v. One 1981 BMW Automobile, supra, 544; it is an essential element to the validity of the jurisdiction of the court. (Citations omitted.)
 In Pack v. Burns, 212 Conn. 381, 384-85 (1989), the court stated
 The effect given to . . . a misdescription [in a writ of the party sued] usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution of entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed.
 It has been held, in the context of an administrative appeal that "[t]he failure to include a party defendant in the citation is not a defect curable by amendment and renders the appeal subject to dismissal for want of jurisdiction." Board of Education v. State Board of Education, 38 Conn. Sup. 712, 717 (1983), citing Sheehan v. Zoning Commission, 173 Conn. 408, 413 (1977).
Id.
The court concluded that failure to name a defendant in the writ in a civil action is a substantive defect, thus depriving the court of personal jurisdiction. Id., 571.
Section 52-72 provides for Amendment of Process, in relevant part, as follows:
 (c) If the court, on motion and after hearing, finds that the parties had notice of the pendency of the action and their rights have not been prejudiced or affected by reason of the defect, any attachment made by the original service and the rights under any lis pendens shall be preserved and continued from the date of service of the original process as though the original process had been in proper form.
In the instant case, not only did Howe fail to name Tower in the writ of summons, but, according to the sheriff's return, Tower was never served with Howe's crossclaim.
The writ of summons fails to "describe" Tower, as required by CT Page 293052-45a, supra. This is not "merely a misnomer or defect in description"; see Pack, supra, which could be considered circumstantial; see General Statutes 52-123; or subject to amendment, pursuant to 52-72, since it appears from the sheriff's return that there was no service of the original process.
Accordingly, the motion to dismiss Howe's crossclaim against Tower is granted on the grounds of insufficiency of process and lack of personal jurisdiction.
THE COURT BY CURRAN, JUDGE