[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS FIRST COUNT CT Page 969
The defendant has moved to dismiss this statutory tax appeal on the grounds that the plaintiff has failed to take from itself a bond or recognizance to the defendant to prosecute the action as is required by 12-118 of the General Statutes. Section 12-118 states that:
 [t]he authority issuing the citation shall take from the applicant a bond or recognizance to such town or city with surety, to prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises."
The defendant argues that the plaintiff's bond on recognizance is defective in that 12-118 requires that the plaintiff applicant, Greenview Associates, supply a bond or recognizance and instead the plaintiff's recognizance identifies Pasquale Piscatelli, a general partner of Greenview Associates, as the principal. The defendant contends that this fatal defect requires that its motion to dismiss should be granted. The plaintiff argues its error is merely circumstantial and amendable and therefore the defendant's motion to dismiss should be denied. Because Greenview Associates was not named as principal as the Statute requi res the recognizance is defective. The court agrees, however, that plaintiff's error is circumstantial and therefore amendable. Section 52-123 of the General Statutes states that:
 [n]o writ, pleading, judgment or any kind of proceeding in the court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes, or defects, if the person and the cause may be rightly understood and intended by the court . . .
and 52-128 provides that:
 [t]he plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition . . . without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same.
CT Page 970
In a recent superior court decision, Wilson v. Town of West Hartford, 2 Conn. L. Rptr. 663 (1990), the court dealt with the issue at hand. In Wilson, the principal bound himself on a bond but the court found it defective for lack of a surety, but found the defect not to be fatal. Wilson, supra. In support of its decision to permit the plaintiff to amend his recognizance, the court in Wilson relied on the Supreme Court's decision in Sheehan v. Zoning Commission, 173 Conn. 408, 378 A.2d 519 (1977). In Sheehan, an appeal was brought under 8-8 of the General Statutes. Sheehan, supra, 411. Section 8-8 contains the same language as12-118 that:
 [t]he authority issuing the citation in the appeal shall take applicant . . . a bond or recognizance to the board, with surety to prosecute the appeal to effect and comply with the orders and decrees of the court.
General Statutes 8-8(h); see also General Statutes 12-118. In Sheehan, the plaintiff's recognizance was defective in that it contained only a recognizance of an individual, without any surety that the plaintiff would prosecute the appeal to effect and pay any costs for which judgment might be rendered against them. Id., 409. The court found that this irregularity is precisely the type of circumstantial defect envisioned by 52-128 and therefore may be corrected by amendment, and ruled that the lower court's decision to grant the defendant's motion to dismiss on this ground was incorrect. Id., 413. The court in Sheehan took notice of the general rule set forth in Johnson v. Zoning Board of Appeals,166 Conn. 102, 111, 347 A.2d 53 (1974), that "[o]ur practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." Id., 412. As a result, the court found that even though an appeal from an administrative agency must comply strictly with the pertinent statute, that the error was not fatal and the plaintiff was permitted to amend his error. Sheehan, supra, 413.
This court concludes that a bond or recognizance properly conforming to requirements of 12-118 of the Statutes is necessary to maintain the action pleaded in count one of the complaint. The court further rules that the defect may be cured by proper amendment filed in a timely manner, but that if it is not amended, dismissal of the first count is appropriate.
The motion to dismiss the first count is granted pursuant to CT Page 971 Practice Book 143 unless the plaintiff amends his appeal within two weeks from the date of this order to furnish a bond or recognizance with surety in the form required by Conn. Gen. Stat.12-118 and Practice Book Form 204.4.
FLYNN, J.