[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On July 24, 1990, the plaintiff, Andover Limited Partnership I, filed an application for a tax appeal accompanied by a citation and recognizance pursuant to General Statutes 12-117a. The plaintiff is challenging a 1989 tax assessment on its property by the Board of Tax Review of the Town of West Hartford ("Board"). On October 9, 1990, the plaintiff filed an amendment to its appeal so as to include the 1990 tax assessment year. On August 28, 1991, the defendant Board filed an answer. On October 17, 1991, the plaintiff filed another amendment to its appeal in order to add the 1991 tax assessment year. On November 6, 1992, the plaintiff filed a final amendment to its appeal, adding the 1992 tax assessment year. CT Page 10512
On September 20, 1993, the defendant Board filed a motion to dismiss the plaintiff's application for a tax appeal on the ground that the court lacks subject matter jurisdiction pursuant to Practice Book 143. The defendant Board filed a memorandum of law in support of its motion to dismiss. On September 21, 1993, the plaintiff filed a request for leave to amend its citation and recognizance. In response to the motion to dismiss, the plaintiff filed a memorandum in opposition on September 27, 1993.
Pursuant to Practice Book 143(1), "a motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.' (Emphasis in original.)" Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991), quoting Baskin's Appeal from Probate, 194 Conn. 635, 640, 484 A.2d 934 (1984). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citations omitted; internal quotations marks omitted.) Id., 542.
"Whenever the absence of [subject matter] jurisdiction is brought to the notice of the court . . . cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Citations omitted; internal quotation marks omitted.) Baldwin Piano Organ Company v. Blake, 186 Conn. 295, 297, 441 A.2d 183 (1982). "[I]f the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed." (Citation omitted.) Upson v. State, 190 Conn. 622, 626, 461 A.2d 991
(1983).
In its memorandum of law, the defendant Board argues that the court should dismiss the plaintiff's application on the ground that the court lacks subject matter jurisdiction. The defendant Board notes that the plaintiff only named the Board in its citation. The defendant Board argues that the Town of West Hartford ("Town") is a necessary party in this action and that the plaintiff failed to name the Town in its citation. According to the defendant Board, the plaintiff's failure to name the Town in its citation deprives this court of subject matter jurisdiction. Therefore, the defendant Board urges the CT Page 10513 court to grant its motion to dismiss.
In opposition to the motion to dismiss, the plaintiff argues in its memorandum of law that the failure to name the Town in its citation is a circumstantial defect. The plaintiff contends that one has the right to amend a circumstantial defect in a citation pursuant to General Statutes 52-123. Also, relying on Pack v. Burns, 212 Conn. 381,385, 562 A.2d 24 (1989), the plaintiff argues that the Town had notice of this action, the Town knew that it was the proper defendant, and the Town was in no way prejudiced by the error. Therefore, the plaintiff argues that the court should deny the motion to dismiss.
General Statutes 12-117a provides in pertinent part:
 [A]ny person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990 [or] October 1, 1991 . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court.
General Statutes 52-123 provides that "no writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."
General Statutes 52-123 "is used to provide relief from defects found in the text of the writ itself. . . ." Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431, 434,559 A.2d 1110 (1989).
 The effect given to . . . a misdescription [in a writ of the party sued] usually depends upon the question whether it is CT Page 10514 interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed.
(Citations omitted; internal quotation marks omitted.) Pack v. Burns, 212 Conn. 381, 384-85, 562 A.2d 24 (1989).
"It is a well settled rule that in appeals from administrative decisions, the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect that renders the appeal subject to dismissal." (Citations omitted.) Southern New England Telephone Co. v. Board of Tax Review, 31 Conn. App. 155, 160,623 A.2d 1027 (1993). General Statutes 12-117a, authorizing appeals from decisions of boards of tax review, makes the Town a necessary party to the appeal. Id., 162. See Elm City Manufacturing Jewelers, Inc. v. Town of North Haven Board of Tax Review, 9 Conn. L. Rptr. 484 (August 30, 1993, Thompson, J.) (the court held that naming the Board instead of the Town as the defendant in the citation for a tax assessment appeal under General Statutes 12-117a was a jurisdictional defect, even if the town clerk was served with the appeal); Board of Education v. State Board of Education, 38 Conn. Sup. 712, 717,461 A.2d 997 (Super.Ct. 1983), citing Sheehan v. Zoning Commission, 173 Conn. 408, 413, 378 A.2d 519 (1977) ("The failure to include a party defendant in the citation is not a defect curable by amendment and renders the appeal subject to dismissal for want of jurisdiction.").
The plaintiff's failure to name the Town in its citation is a jurisdictional defect depriving the court of subject matter jurisdiction. The plaintiff's failure to include the Town in the citation is not a defect curable by amendment. Accordingly, the defendant Board's motion to dismiss is granted.
Mary R. Hennessey, Judge CT Page 10515