[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiff, Ronald W. Millette, has appealed from a decision of the defendant, Board of Tax Review, Town of Thomaston, which allegedly improperly assessed the plaintiff's CT Page 10505 property. The plaintiff seeks a lower assessment on his property known as South End Plaza at 310 South Main Street, Thomaston, Connecticut.
In February 1994, the plaintiff appealed the 1992 Grand List assessment of his property to the town's Board of Tax Review. The tax assessors had valued the total property at $536,550.00. On March 23, 1994, the Thomaston Town Board of Tax Review voted to reduce the assessment to $450,000.00.
On July 15, 1994, the plaintiff filed a complaint against the Thomaston Town Board of Tax Review, alleging in a single count that the valuation of the property by the defendant was, inter alia, grossly excessive, disproportionate and unlawful. The sheriff served the complaint on the Town Clerk on May 19, 1994. The complaint consisted of a Civil Summons Form (JD-CV-1), an Appeal from Board of Tax Review and a Statement re: Amount in Demand. The return date was set for June 28, 1994.
On August 9, 1994, the defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction. This motion cited three grounds for dismissing the appeal: the plaintiff did not file a bond or recognizance with surety, the plaintiff used the improper citation form, and the appeal was filed beyond the statutory deadline.
The motion to dismiss is provided for in Practice Book §§ 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book § 143. "Although every presumption is to be indulged in favor of jurisdiction"; LeConche v. Elligers, 215 Conn. 701, 710,579 A.2d 1 (1990); "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book § 145. See also Castro v. Viera,207 Conn. 420, 429-30, 541 A.2d 1216 (1988).
The defendant first argues that the plaintiff has failed to comply with a statutory condition to bring an appeal, in that he did not provide a bond or recognizance with surety. General Statutes § 12-117a provides in part: "any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city . . . may, . . . make an application, in the nature of an appeal therefrom, to the superior court . . . . The authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to CT Page 10506 prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises." General Statutes § 12-117a. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Citation omitted; internal quotation marks omitted) Citizens Against PollutionNorthwest, Inc. v. Connecticut Siting Council, 217 Conn. 143,152, 584 A.2d 1183 (1991). In its memorandum of law in support of the motion to dismiss, the defendant claims that because the plaintiff did not comply with this statutory requirement, this court lacks subject matter jurisdiction.
"Although the giving of a proper bond or recognizance is an essential element in the taking of an appeal; . . . a statutory provision requiring such a bond is solely for the benefit of a defendant. . . . The plaintiffs' failure to provide a proper bond or recognizance was a serious irregularity, but it did not destroy the jurisdiction of the court over the subject matter of the action. . . ." (Citations omitted.) Sheehan v. ZoningCommission, 173 Conn. 408, 410-11, 378 A.2d 519 (1977) (holding that the plaintiff had a right to amend his appeal of a zoning board decision within 30 days of filing). In Sheehan, the Supreme Court reasoned that "[o]ur practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Citation omitted; internal quotation marks omitted.) Id., 412.
Although the time in which the plaintiff can amend his complaint has expired, the plaintiff should be given an opportunity to comply with the technical requirements of the statute.[1] The Superior Court has granted a town's motion to dismiss for failure to submit a bond or recognizance with surety unless the plaintiff filed the necessary bond or recognizance within two weeks. Wilson v. Town of West Hartford, 5 CSCR 1030
(November 1, 1990, Maloney, J.). The court also imposed the defendant's costs on the plaintiff. Id. If the plaintiff complies with the statute by filing a bond or recognizance with surety within two weeks, this court will hear the appeal.
The defendant's second argument for the court's lack of subject matter jurisdiction is that the defendant used the wrong citation form. The Practice Book states "[f]orm in JD-CV-1 shall not be used in the following actions and proceedings: . . . (4) Administrative appeals." Practice Book § 49. The plaintiff CT Page 10507 used Form JD-CV-1 to commence this appeal. In its memorandum of law in support of its motion to dismiss, the defendant argues that this defect deprives the court of subject matter jurisdiction.
"Absent an affirmative showing of prejudice by the defendant . . . we conclude that the mistaken use of Form 103.1 (JD-CV-1) does not warrant the dismissal of an administrative appeal." (Citations omitted.) Chestnut Realty, Inc. v. Commissionon Human Rights and Opportunities, 201 Conn. 350, 357,514 A.2d 749 (1986); see also Carlson v. Fisher, 18 Conn. App. 488, 493,558 A.2d 1029 (1989).
The defendant has not claimed to have suffered any prejudice because the plaintiff mistakenly used Form 103.1 (JD-CV-1). In accordance with the holding in Chestnut Realty, this court maintain subject matter jurisdiction to entertain the plaintiff's appeal.[2]
The defendant's third argument that this court lacks subject matter jurisdiction is that the appeal was filed beyond the statutory requirement. In its memorandum of law in support of its motion to dismiss, the defendant suggests that the plaintiff should have appealed the 1992 assessment to the Board of Tax Review in 1993.
General Statutes § 12-117a states that "any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city . . . may, within two months from the time of such action, make an application, in the nature of an appeal therefrom, to the superior court." General Statutes § 12-117a. This statute defines the time limit only for appeals from a board of tax review to the superior court. "[I]t appears that the legislature intended the two-month clock to begin ticking upon the determination of the Board." Allen v. Town of Goshen,6 CSCR 1030, 1031 (October 24, 1991, Pickett, J.). "In Connecticut, an action is commenced on the date of service of the writ upon the defendant. . . ." (Citations omitted.) McGaffin v. Roberts,193 Conn. 393, 401-02 n. 9, 479 A.2d 176, cert. denied, 420 U.S. 1050,105 S.Ct. 1747, 84 L.Ed.2d 813 (1985).
The court, "in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Citation omitted; internal quotation marks omitted.) Savage v.Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990). In this case, CT Page 10508 the plaintiff alleges the Board of Tax Review last acted on his appeal on March 23, 1994. (Plaintiff's Appeal from Board of Tax Review ¶ 5.) The plaintiff's appeal would be timely if it was served before May 23, 1994. The sheriff served the defendant on May 19, 1994. Therefore, the plaintiff's appeal is timely.
Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied.
PICKETT, J.