[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE OBJECTION TO AMEND THE COMPLAINT
I
Introduction and Factual Background
On March 9, 1995, the plaintiffs, George A. Tomasso, individually, and George A. Tomasso Construction Corporation, a Connecticut Corporation involved in highway construction, CT Page 6267 (hereinafter, collectively referred to as "GAT"), filed a complaint returnable April 11, 1995 seeking injunctive relief against the defendant, William J. Burns in his official capacity as the Commissioner of the Connecticut Department of Transportation (hereinafter, "DOT") alleging that while GAT was the lowest responsible bidder for four construction contracts, the DOT awarded them to other bidders. GAT alleges that as a result of the defendant's violation of General Statutes § 13a-95
(the competitive bidding statute for highway construction projects), it will be irreparably harmed and is thus seeking a temporary and permanent injunction prohibiting the defendant from entering into the contracts.
On April 20, 1995, the defendant filed a motion to dismiss maintaining that this court lacks subject matter jurisdiction based on the doctrine of sovereign immunity and further, the plaintiffs have alleged nothing that would justify breaching the doctrine. Additionally, the defendant contends that as an unsuccessful bidder for a public contract, GAT lacks sufficient standing to challenge the award without allegations of fraud, corruption, or favoritism.
On May 10, 1995, while this motion was pending, the plaintiffs filed a revised complaint pursuant to P.B. § 175 in which it further alleged that the defendant's intention to offer the contracts to other bidders was based on favoritism. On May 19, 1995, the defendant filed its objection to the plaintiffs' amendment claiming that the court was required to act on the pending motion to dismiss before entertaining any other motion in the action. See, Baldwin Piano Organ Co. v. Blake, 186 Conn. 295,297 (1982) ("[w]henever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.") (internal quotations omitted). (citations omitted.)
 II DISCUSSION
General Statutes § 52-128 and P. B. § 175 permit a plaintiff to amend any defect in a complaint within thirty days after the return date. General Statutes § 52-128 states that: CT Page 6268
 The plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition, and insert new counts in the complaint or declaration, which might have been originally inserted therein, without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same.
P.B. § 175 provides that:
 The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day.
In Franchi v Farmholme, Inc., 191 Conn. 201, 464 A.2d 35
(1983), the defendant moved to dismiss the action arguing that the writ was void ab initio because the plaintiff had failed to file a proper recognizance pursuant to General Statutes § 52-185. The plaintiffs then filed a proper recognizance, pursuant to § 52-128, and P.B. § 175, after the motion to dismiss was filed but before the court ruled on the motion. The Supreme Court, referring to Sheehan v. Zoning Commission, 173 Conn. 408,378 A.2d 519 (1979), found the amendment proper.
In Sheehan v. Zoning Commission, supra, 173 Conn. 412-13, the plaintiff amended its appeal within the thirty day period after the return date in accordance with General Statutes § 52-128 but after the defendant had filed a motion to erase (replaced by motion to dismiss after July 1978). The defendant in Sheehan
argued that once its motion had been filed, the court had to dispose of the jurisdictional question before any other motion or pleading could be heard. Id. The court stated that an amendment as of right under General Statutes § 52-128 and P.B. § 131 (presently P.B. § 175) is not a motion or pleading" which is "entertained" by the court. The court concluded that "[b]efore the trial court had ruled on the defendant's motion, the plaintiffs had effectively remedied this defect by amendment as of right within thirty days after the return day." Id., 413. CT Page 6269
This same result was also reached in Sleeping GiantAssociates. LTD v. Zikorus, Superior Court, Judicial District of New Haven at New Haven, docket No. 535276 (July 16, 1993, Riddle, J.), in which the plaintiff attempted to amend its complaint within thirty days of the return date pursuant to P.B. § 175 and General Statutes § 52-128 but after the defendant had filed a motion to dismiss for lack of subject matter jurisdiction. The court in Sleeping Giant held that" [t]he plaintiff may cure a defect after a motion to dismiss has been filed and before the motion has been acted upon by the court . . . [and such an] . . . amendment is valid even though a motion to dismiss for lack of subject matter jurisdiction is pending because an amendment as of right requires no action by the court." Id. Such is the case herein as the plaintiff has filed its amendment within thirty days of the return date. The Baldwin Piano doctrine is not applicable.
 III Conclusion
In accordance with the above discussed cases, the objection to the motion to amend is overruled.
Berger, J.