[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, NORWALK COMMERCIAL REALTY, appeals from a decision of the defendant, the BOARD OF TAX REVIEW OF THE CITY OF NORWALK, pursuant to General Statutes § 12-117a. The defendants, the Board of Tax Review and the city of Norwalk, have filed a motion (#106.01) to dismiss because the plaintiff failed to comply with the requirements of General Statutes § 12-117a
regarding the necessity of a "citation" and "a bond or recognizance to such town or city, with surety, to prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises."
The defendants are correct in both claims, however neither deficiency warrants a dismissal of the action. As to the citation, the plaintiff initiated this appeal by using a JD-CV-1 form, whereas Practice Book Form 204.4, pertaining to tax appeals, employs different language for the citation. However, this is not fatal by any means because "[a]s long as [an appeal] contains a proper citation, signed by a competent authority, its use does not call into question the jurisdiction of the Superior Court to entertain the appeal. . . . If the form, as it did in this case, clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and the requirement for filing an appearance, and also directs a competent authority to summon the defendant, then the policy of giving notice to the defendant of the nature of the proceedings has been served. . . . Absent an affirmative showing of prejudice by defendant. . . the mistaken use of Form 103.1 (JD-CV-1) does not warrant the dismissal of an administrative appeal." (Citations omitted). Chestnut Realty, Inc. v. CHRO, 201 Conn. 350,356-57, 514 A.2d 749 (1986). The citation used in the case at bar complies with all the requirements of giving notice to the defendants of the pendency of this tax appeal, and the use of the wrong form does not require a dismissal. Moreover, the defendants have not demonstrated that they were prejudiced in any way by the CT Page 8917 plaintiff's use of the JD-CV-1 form. Id., 357.
The recognizance on the JD-CV-1 form simply provides the name and address of the person recognized to prosecute in a certain amount, and does not comply with General Statutes § 12-117a
regarding the necessity of a surety and a bond or recognizance agreeing to prosecute the application to effect and to comply with all court orders. "Although the giving of a proper bond or recognizance is an essential element in the taking of an appeal. . . a statutory provision requiring such a bond is solely for the benefit of a defendant. . . . The plaintiffs' failure to provide a proper bond or recognizance was a serious irregularity, but it did not destroy the jurisdiction of the court over the subject matter of the action. . . ." (Citations omitted). Sheehanv. Zoning Commission, 173 Conn. 408, 410-11, 378 A.2d 519 (1977). This case held that the plaintiff had the right to amend his appeal in order to submit a proper bond or recognizance with surety. Id., 411-13.
The plaintiff has moved (#108) to amend its appeal in order to provide a proper bond or recognizance with surety, and that motion is hereby granted pursuant to General Statutes § 52-128
concerning amending defects. See also Wilson v. Town of WestHartford, 2 Conn. L. Rptr. 663 (November 1, 1990, Maloney, J.);Greenview Associates v. City of Milford, 8 Conn. L. Rptr. 238
(January 11, 1993, Flynn, J.).
The motion to dismiss is denied for the above reasons.
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of August, 1995.
William B. Lewis, Judge