[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE (#107)
The plaintiff, Rocco Acerbo[1] filed a complaint on June 22, 1995 against Mr. and Ms. Stanley Bunk, Stanley Bunk, Jr., Julia Bloom, Philip Russell, Ivy, Barnum O'Mara, Amy Starobin, Edward O'Hanlan, Elisabeth Grove and O'Rourke O'Hanlan for actions arising from a foreclosure.
The defendants move to dismiss the action for lack of subject matter jurisdiction because the return date was set on a Friday instead of a Tuesday as required by General statutes § 52-48. "[A]n improperly specified return date affects the court's jurisdiction."Carlson v. Fisher, 18 Conn. App. 488, 495 (1989). The plaintiff may cure this defect, however, by filing an amended summons and serving the amended writ and process again. General statutes § 52-72. An amendment is proper even though the return date has passed.Concept Associates. Ltd. v. Board of Tax Review, 229 Conn. 618,625, 642 A.2d 1186 (1994). The court orders the defendant to file a motion to amend the return date, specifying a return date on a Tuesday not later than two months after the date of the process. General Statutes § 52-48.
Defendant Stanley Bunk, Jr. argues that the plaintiff failed to comply with Practice Book § 52, which requires a recognizance by a third party in that the plaintiff signed the recognizance himself. "The plaintiff's failure to provide a proper bond or recognizance was a serious irregularity, but it did not destroy the jurisdiction of the court over the subject matter of the action."Sheehan v. Zoning Commission, 173 Conn. 408, 410-11, 378 A.2d 519
(1977); Franchi v. Farmeholme, Inc., 191 Conn. 201, 207-08,464 A.2d 35 (1983) (allowing the recognizance to be amended); Columbev. Pelligrinelli, 1 Conn. L. Rptr. 256 (1990) (plaintiff ordered to file bond when attorney signed both writ and recognizance). Practice Book § 53 provides, in pertinent part, "[i]f the court, CT Page 104 upon the hearing of the motion to dismiss, directs the plaintiff to file a bond to prosecute in an amount deemed sufficient by the court, the action shall be dismissed unless the plaintiff complies with the court order within two weeks of such order." Henry v.Perkins, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 313715, 12 Conn. L. Rptr. 455 (September 19, 1994) (ordering plaintiff to file proper recognizance.) Accordingly, the failure to provide a recognizance by a third party is not a fatal defect, but the court orders the plaintiff to file a proper recognizance within two weeks of the date of this decision or the case will be dismissed.
KARAZIN, J.