[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
CT Page 12273
The defendant, Zoning Commission of the Town of Roxbury, moved the Court to dismiss this administrative appeal for the reason that the named plaintiffs failed to provide a bond or recognizance with surety to prosecute as required by Section 8-8
(h) of the General Statutes. Thereafter, the plaintiff, Mary Tinley, filed a request for leave to file amended recognizance, an amended recognizance, and a memorandum in objection to the defendant's motion to dismiss arguing that the amendment to the recognizance cures the defect upon which the defendant seeks dismissal.
General Statutes § 8-8 (h) states: "The authority issuing a citation in the appeal shall take from the appellant, unless the appellant is an official of the municipality, a bond or recognizance to the board, with surety to prosecute the appeal to effect and comply with the orders and decrees of the court." The recognizance, with Mary Tinley as principal and Sheila Fiordelisi as surety, states that the plaintiffs will prosecute the appeal and pay costs of judgment. The language of the statute and of Fuller's comments are singular not plural, indicating that only one bond or recognizance is necessary. See General Statutes §8-8 (h); R. Fuller, 9 Connecticut Practice Series, Land Use Law and Practice (1998 Pocket Part) § 25.7, p. 462-63. In addition, there appears to be an absence of any precedent in the case law regarding this issue. The Court finds that the amended recognizance is sufficient as to all plaintiffs. Each plaintiff need not submit his or her own bond or recognizance.
The recognizance cures the defect upon which the defendant's motion is based. See Sheehan v. Zoning Commission, 173 Conn. 408,410-11, 378 A.2d 519 (1977) (failure to provide a proper bond or recognizance may be cured by filing an amendment); Paige v. TownPlan and Zoning Commission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 289197 (March 23, 1992, Lewis, J.); Tamm v. Greenwich Planning Zoning Board of Appeals, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 113655 (October 3, 1991, Ryan, J.); R. Fuller, 9 Connecticut Practice Series, Land Use and Practice (1998 Pocket Part) § 25.7, p. 463.
For the foregoing reasons, the defendant's motion to dismiss is hereby denied. CT Page 12274
By the Court,
DOHERTY, J.